**Dorothy Macks, Appellant, v. Mitchell C. Macks and Bernice Macks, Appellees.**

**Gen. No. 43,536.**

Opinion filed May 29, 1946. Released for publication June 13, 1946.

RAPPAPORT, CLORFENE & RAPPAPORT, of Chicago, for appellant; ODE L. RANKIN, of Chicago, of counsel.

MITCHELL C. MACKS, *pro se.*

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an action in detinue brought by Dorothy Macks to recover from the defendants, Mitchell C. Macks and Bernice Macks, two diamond rings or the value thereof. A judgment order was entered awarding a summary judgment against plaintiff and in favor of defendants on their petition and supporting affidavits and denying plaintiff's motion for a summary judgment against the defendants. Plaintiff appeals from said judgment order.

Plaintiff's complaint alleged that she "is the owner and entitled to the possession" of two diamond rings, the value of one of them being $900 and of the other $550; and that "on or about the 17th day of October, 1944, the defendant, Mitchell C. Macks, became possessed of the said property by illegally coercing the plaintiff herein into surrendering the said possession, without any consideration therefor, and that both the said defendants now wrongfully detain the same from the said plaintiff, although the plaintiff has made demand for the return of the said property."

The complaint concluded with the prayer that judgment be entered against the defendants for the return of the rings to plaintiff or, in the alternative, that judgment be entered against defendants for $1,450, the value of said rings, and for $1,000 damages for their unlawful detention. Upon the filing of plaintiff's complaint she also filed a demand for a jury trial.

Defendants' motion to dismiss the complaint was denied on May 28, 1945 and they were allowed 30 days within which to file their answer. Defendants did not file an answer but filed instead a sworn petition for summary judgment on June 5, 1945.

They alleged in said petition that plaintiff is the former wife of the defendant, Mitchell C. Macks, and that he gave her the two rings in question in June 1939; and that on February 21, 1944 a decree was entered by the superior court of Cook county granting plaintiff a divorce from Macks.

A certified copy of said decree was attached to and made a part of defendants' petition. Reference to such decree discloses that Dorothy Macks, the plaintiff herein, was granted a divorce from Mitchell C. Macks on her complaint that he was guilty of extreme and repeated cruelty, that she was awarded the custody of the two and one half year old child of the parties, Macks being given the right of visitation at reasonable times, that he was directed to pay $10 per week for the support of the child and that "the plaintiff and the defendant waive any and all claims for attorney's fees and for alimony, past, present and future, that they may have against each other, and the plaintiff and defendant further waive any and all claims for property rights that they may have against each other." The decree concluded with this provision: "It is further ordered, adjudged and decreed that the defendant, within thirty days from the entry of this decree, is to take the necessary action and to effectuate with the plaintiff a Geht, or Jewish Divorce, and that the de-

fendant is to pay all costs necessary for the obtaining of said Geht, or Jewish Divorce."

Over their signatures, Mitchell C. Macks and Dorothy Macks indicated on the face of the decree of divorce their consent to the provisions thereof as follows:

"We, the undersigned, hereby approve all the terms and conditions of the above Decree.

Mitchell C. Macks
Dorothy Macks."

Defendants' petition for summary judgment also alleged that on April 5, 1944 plaintiff applied to the superior court for the issuance of a contempt rule against Mitchell C. Macks because of his failure to consummate the Jewish divorce in accordance with the provisions of the divorce decree; that plaintiff's petition for said rule was denied on the ground that the court "has no jurisdiction to compel him [Macks] to grant or effectuate with the plaintiff a Jewish Divorce or Geht"; that on October 15, 1944 in plaintiff's home, she and Macks agreed that in consideration of his arrangement with Rabbi Joseph Segal for a Jewish divorce, she would return to him the rings involved herein; that Macks did arrange with Rabbi Segal to have a Jewish divorce consummated in the latter's home on October 17, 1944; that on said date at the home of Rabbi Segal and in the presence of Rabbi Joseph Segal, Rabbi Eli Regensberg, Rabbi Paley and the attorney for Dorothy Macks, she "gave, returned and transferred" the two rings to defendant; that immediately thereafter "proceedings were commenced for the said Jewish Divorce or Geht as more fully described in Exhibit C attached hereto"; and that defendant paid Rabbi Segal $50 for all costs of the Jewish divorce proceedings.

Exhibit C is an affidavit by Rabbi Eli Regensberg, which sets forth in substance that at the behest of Mitchell C. Macks he sat as a member of a tribunal

composed of Rabbi Joseph Segal, Rabbi Wolf Paley and himself at the home of Rabbi Joseph Segal on October 17, 1944 for the purpose of consummating a Jewish divorce or Geht of Dorothy Macks from Mitchell C. Macks and that there were also present at that time Dorothy Macks, Mitchell C. Macks and Melvin Kanter, Dorothy Macks' attorney; that at that time and place "we and each of us heard Dorothy Macks tell Melvin Kanter to give to Mitchell C. Macks two diamond rings"; that thereupon Attorney Kanter handed to Macks one lady's diamond wedding ring and one lady's diamond engagement ring; that Dorothy Macks "saw Mr. Kanter handing the said rings" to Macks; that at no time did Dorothy Macks make any objection or register her disapproval; that before the Jewish divorce proceedings were started and again at the conclusion thereof Dorothy Macks was asked by the Rabbis whether she had any claim against Macks "for monies, personal property or jewelry" and she answered in the negative; and that the members of the tribunal signed the decree, it was handed to Dorothy Macks and the Jewish divorce was thereby consummated.

Defendants' petition for summary judgment then alleged that Bernice Macks, the present wife of Mitchell C. Macks, has the two rings in her possession and that they were given to her by him as a wedding gift on October 28, 1944; and that "a good and sufficient legal consideration as hereinabove mentioned was given by your petitioner to the plaintiff herein to support the return of the two diamond rings."

Plaintiff's motion to strike defendants' petition for summary judgment was denied.

Dorothy Macks' counter affidavit alleged in substance that the rings in question "were her engagement and wedding rings, respectively, given to her by the defendant, Mitchell C. Macks, prior to and at the time of their marriage"; that a decree was entered in

the superior court on February 21, 1944 in which Macks "was found guilty of extreme and repeated cruelty" and a divorce granted to her from him; that one of the terms of said decree, which was approved by both parties on the face thereof, was that "plaintiff waive any and all claims for attorney's fees, alimony, past, present and future"; that "another provision of said divorce decree which was approved by this defendant, Mitchell C. Macks, provided that within thirty days from the entry of the decree the defendant, Mitchell C. Macks, would take the necessary action to effectuate a Jewish Divorce or Geht"; that the foregoing provisions of the decree, "in reality, incorporated the property settlement between the parties, coincidental with the said divorce"; that Judge SBARBORO refused to compel Macks to carry out his agreement as embodied in the divorce decree to effectuate the Jewish Divorce "because the essence of the said Jewish or ceremonial divorce is freedom from compulsion of any kind or description"; and that at the time of the entry of said order by Judge SBARBORO "the decree had been in effect for forty-three days and was not subject to attack except by Bill of Review and that all of the provisions of the said decree in which the aforementioned agreement of the parties thereto are embodied remain in full force and effect."

Plaintiff's counter affidavit then proceeded as follows:

"Affiant denies that on October 15th, 1944, she agreed with the defendant, Mitchell C. Macks, to return the aforementioned rings to the said defendant, Mitchell C. Macks, in consideration of the said defendant's arrangement for a Jewish Divorce, but states the fact to be that on October 17th, 1944, the defendant, Mitchell C. Macks, coerced your affiant into giving the said rings to him as a condition precedent to performing an act which he had previously agreed to do for a valuable consideration of plaintiff's waiver of alimony

and valuable property rights, as embodied in the afore-mentioned Divorce Decree.

"Affiant further denies that she failed to register any disapproval at the time of the handing of the said rings to the said defendant, Mitchell C. Macks, but states that, on the contrary, she stated in an emphatic manner that the rings were being obtained by the said defendant, Mitchell C. Macks, under the aforedescribed compulsion, and denies that she ever stated that she had no claims for moneys, personal property or jewelry, as alleged in the affidavit of Rabbi Eli A. Regensberg.

"That the obtaining of the aforementioned personal property as a condition of said Jewish Divorce is contrary to all of the doctrines of the aforementioned religion and that the defendants herein hold the property of your affiant without any legal consideration or right."

While a Jewish divorce has no legal effect under our State law, it is highly important to the woman involved and is a matter that deeply concerns her future welfare. Mitchell C. Macks and Dorothy Macks were of the Jewish faith and according to Jewish custom she was precluded from remarrying in accordance with her religious beliefs, unless she obtained a Jewish divorce from her former husband. This custom only applied to the former wife, the former husband being free to remarry without the procurement of a Jewish divorce and proceedings for the consummation of such divorce could be initiated only by the former husband.

There can be no question but that there were triable issues of fact raised by the sworn pleadings and affidavits filed herein. Plaintiff's complaint averred that the rings belonged to her, that Macks secured possession of them without any consideration and that he and his present wife wrongfully detain said rings. Defendants' petition for summary judgment admitted that plaintiff owned the rings but asserted as their defense

to plaintiff's claim that she agreed to turn them over to Macks in consideration of his undertaking to procure a Jewish divorce and that she voluntarily delivered the rings to him immediately prior to the commencement of the Jewish divorce proceedings. In plaintiff's counter affidavit she specifically denied that she entered into any agreement with the defendant to turn her rings over to him and asserted that he secured them without consideration and that she did not deliver them to him voluntarily but only because defendant demanded them as a condition precedent for his participation in the Jewish divorce proceedings.

The purpose of a summary judgment proceeding is not to try an issue of fact but to ascertain whether there is an issue of fact to try. The trial court could not under the law determine the truth of defendants' sworn petition for summary judgment, since "the truth or falsity of facts disclosing a legal defense must be decided by a jury." (*Diversey Liquidating Corp. v. Neunkirchen,* 370 Ill. 523.) In *Soelke v. Chicago Business Men's Racing Ass'n,* 314 Ill. App. 336, it was said (p. 338): "It is elemental that a motion [for summary judgment] under Section 57 of the Civil Practice Act is not intended to be used as a means of trying an issue of fact. When there is such an issue defendant has the constitutional right to have it tried by a jury."

Macks certainly has no right to be paid twice by plaintiff for the same consideration—his promise to procure a Jewish divorce. Under the terms of his agreement with plaintiff settling their property rights, which terms were incorporated in the decree of divorce with his consent and approval, he undertook to procure a Jewish divorce in return for plaintiff's waiver of alimony and attorney's fees. Now we find him in the instant case claiming that plaintiff agreed to deliver her rings to him for the same identical consideration— his promise to procure a Jewish divorce. The law is

firmly established that a promise to do something that one is already obligated to do is *no consideration* and creates no new obligation. (17 C. J. S. 465, sec. 112.) Therefore, even though plaintiff made the alleged agreement with Macks concerning her rings and delivered them to him pursuant to said agreement, there was no consideration on his part for such agreement, since he was already obligated under the terms of the divorce decree to procure the Jewish divorce in return for plaintiff's waiver of alimony and attorney's fees.

Macks seeks to avoid the effect of the foregoing rule of law by insisting that the provision in the divorce decree requiring him to procure a Jewish divorce was void. The fact that Judge SBARBORO held that he could not compel Macks to initiate and personally participate in a religious ceremony did not impair the force and effect of his obligation to comply with his agreement to procure a Jewish divorce in return for plaintiff's waiver of alimony and attorney's fees. Said obligation was of continuing effectiveness until it was fulfilled and it was just as binding on him at the time he claims plaintiff agreed to turn her rings over to him and at the time he received them from her as it was on the date of the entry of the divorce decree.

Since it appears from defendants' petition for summary judgment that Mitchell C. Macks gave no consideration for plaintiff's rings, said petition is insufficient in that it states no legal defense to plaintiff's claim. The defendant, Bernice Macks, admittedly has possession of the rings as the donee of her husband and since he had no title to them at the time he gave them to her as a gift, it follows that she has no title to the rings or right to retain them.

Plaintiff urges numerous other points for reversal but in the view we take of this case we deem it unnecessary to discuss them.

We are impelled to hold that the trial court erred in entering a summary judgment in favor of the defendants and against plaintiff.

■ For the reasons stated herein the judgment order of the trial court is reversed in its entirety and the cause is remanded with directions to allow defendants to file an answer to plaintiff's complaint within a reasonable time, if they see fit to do so, and that such further proceedings be had as are not inconsistent with the views herein expressed.

*Judgment order reversed and cause remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.