Nellie D. Rector et al., Appellees, v. Board of Appeals under Zoning Ordinance of City of Danville, Illinois et al., Appellants.

Gen. No. 9,706.

Opinion filed November 2, 1950. Released for publication November 28, 1950.

R. R. Bookwalter, of Danville, Corporation Counsel, and Acton, Acton, Baldwin & Bookwalter, of Danville, for appellants; Robert Z. Hickman, W. M. Acton, and H. H. Acton, all of Danville, of counsel.

Rouse & Lowenstein, of Danville, for appellees; Ralph Rouse and L. A. Lowenstein, both of Danville, of counsel.

Mr. Justice Dady delivered the opinion of the court.

This is an appeal by the Board of Appeals under the zoning ordinance of the City of Danville, by the City of Danville, and by the Interstate Water Company, from an order of the county court which reversed and set aside a decision of the board, which decision made certain findings of fact and recommended approval of a petition of the Water Company for a variation of the zoning ordinance of said city. The county court order was entered after a hearing on a writ of certiorari issued on petition of appellees, Nellie D. Rector, *et al.,* who were and are owners of property adjoining the real estate in question.

At all times in question the city was operating under the commission form of government.

On April 5, 1948, the Water Company became the owner of two city lots which had theretofore been zoned as Class "A" residence property under the city's zoning ordinance. Without permission from the

53

city, the Water Company commenced construction thereon of an elevated steel storage tank having a capacity for about one million gallons of water.

About June 22, 1948, the Water Company filed with the city clerk a petition which asked that an ordinance be passed amending such zoning ordinance so as to change the classification of the two lots from Class "A" residence to Class "D" heavy industrial. To that petition a written protest was filed by property owners representing more than 50 per cent of the adjoining frontage. Such petition and protest were heard on July 13, 1948, by a five-man committee of the city council, at which hearing a motion to deny the prayer of the petition was lost. Such action of the committee was then reported to the mayor and commissioners sitting as a city council, at which time a motion to deny the prayer of the petition was lost.

Thereafter and about October 26, 1948, the council held a further hearing on the petition, and a motion was made and seconded to grant the prayer of the petition. The motion failed to receive the necessary vote and was declared lost.

On November 16, 1948, the council, for the first time, by ordinance, duly appointed the members of the Board of Appeals created under such zoning ordinance. Thereafter, on the same day, the Water Company filed with the city clerk a petition, which, after stating certain alleged facts, asked that such zoning ordinance be varied to the extent that the Water Company might construct on the lots a similarly described storage tank. The petition prayed that the board set the petition for hearing together with a proposed ordinance to vary and modify the application of the zoning ordinance so far as it affected such lots, a copy of such proposed ordinance being attached to the petition. After a public hearing, at which evidence under oath was taken, the board on December 11, 1948, made

a report and recommendation to the council by resolution, containing various findings and unanimously adopted, that the petition of the Water Company for such variation be approved. The report and recommendation was adopted by the council by a vote of three to two. The proposed ordinance was passed by the council by a vote of three to two on December 14, 1948, approved on the same date and published on December 16, 1948. Such ordinance stated that permission was thereby given the Water Company to construct and maintain on said lots such storage tank and that the zoning ordinance was thereby varied to the extent that such tank could be constructed on the lots.

The petition for the writ to reverse the action of the Board of Appeals was filed in the county court on January 10, 1949.

Not having the benefit of any opinion by the trial court as to its reasons for entering the judgment appealed from, we have to assume it sustained the contentions of the appellees as made before us.

Appellees contend that the ordinance passed December 14 was not ''duly passed, because it was not passed either in due manner, adequately or sufficiently, not having proper grounds for passage.''

In this connection they argue that there was no order of reference from the council referring the petition of the Water Company to the board for action, and that therefore the board did not have jurisdiction.

The petition for a writ of certiorari alleged that the petition was never referred to the board by any action of the council, but was merely by resolution accepted by the council. The answer of appellants alleged that the petition was duly referred to the board by resolution duly adopted by a vote of the council. At the trial and until the closing arguments no direct proof on such issue was offered by either side and the lack of such proof, if necessary, was not called to the

court's attention until appellees' attorneys in their argument, after all of the evidence had been introduced, raised the point. The attorneys for the appellants then told the court that if the court was of the opinion that such proof was material the appellants wanted leave to file a certified copy of the council's proceedings showing the petition of the Water Company was duly referred to the board by the council. Apparently the court then made no ruling or comment on such request.

The verified return of the board stated that a copy of the petition was duly referred by the council to the board. The ordinance in question recited that whereas said petition "has been duly referred to the Board of Appeals provided for and created under said zoning ordinance . . . ." The ordinance, as passed, recited that the petition of the Water Company "has been duly referred to the Board of Appeals. . . ."

On December 29, 1949, the county court entered the order appealed from, which reads: "Action and decision of Board of Appeals under zoning ordinance is hereby reversed and set aside. Respondents move for a rehearing." Such motion for a rehearing was pending until January 9, 1950.

On January 7, 1950, appellants filed in the county court their written motion that the court set aside the findings and order of the court entered on December 29, and that a new hearing be awarded respondents, and "in the alternative that leave be granted respondents to file a certified copy of the proceedings of the city council . . . referring the petition of the Interstate Water Company to the Board of Appeals, the same to be a part of the evidence and record in said cause."

Such motion then asked that a new trial be awarded in order that such certificate might be duly filed and made a part of the record or, in the alternative, if the

court considered that it would accede to the order entered December 29, even though said certificate was a part of the record, that leave be given to file said certificate and make the same a part of the evidence and the record in the case.

Attached to such motion was a duly certified copy of the record of the council proceedings of November 16, 1948, marked "Exhibit 1," which showed that on such date the petition of the Water Company was presented to the council and referred to the board.

On January 9, 1950, the county court entered the following order: "Motion for rehearing denied. Motion for admittance and inclusion in record of Respt. Ex. #1 denied."

 On the question of whether or not the petition was duly referred to the board, we consider it sufficient to say that, in this case of public importance, regardless of who had the burden of proof on such question, and regardless of technical formalities or informalities, it is our opinion that in the due and speedy administration of justice, the trial court, in passing on the motion for a new trial, should have admitted in evidence and taken into consideration the offered proof as to the referring of the petition to the board, and that in passing on the merits of this case we should consider the undisputed evidence to the effect that the petition had been duly referred to the board.

 It is our opinion that there is no merit in the contention that the petition was not duly referred or presented to the board.

 Appellees further contend that the board did not have jurisdiction because the matter in question when before the board was not an appeal from the decision of any administrative officers of the city, and because the zoning ordinance contained no regulations governing the board in making their decision as to

whether the board would or would not recommend passage of the ordinance permitting the variance or amendment. There is no merit to this contention. Section 73–3 of the zoning statute (ch. 24, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 21.214]) provides that the "Board of Appeals shall . . . hear and decide matters referred to it" under a zoning ordinance, and section 13 of the zoning ordinance provides that such board shall hear and decide all matters referred to it under such ordinance.

■ Appellees, indirectly but in effect, contend the board in passing on the petition, and the council in passing the last ordinance, acted capriciously and abused their discretion. The board, after proper notice and a full public hearing, made findings of fact which, if true, clearly showed a great danger to life and property because of an inadequate water pressure and that a variance in the use of the property was necessary for the health, public safety and general welfare of the city. In *People v. Gill,* 389 Ill. 394, 402, the court said: "We have also consistently held the judgment of the legislative department will not be disturbed merely because the court, if it were establishing zoning districts or making variations therein, would not have done the same thing the legislative body did. The rule is that when the question of reasonableness is fairly debatable courts will not interfere with the legislative judgment." In *Forbes v. Hubbard,* 348 Ill. 166, the court said: "The public welfare is a dominating consideration in cases of this character. Where it appears that the restrictions of a zoning ordinance bear substantial relation to the public health, safety, morals or general welfare, such a consideration is determinative regardless of the fact that individuals may suffer an invasion of their property. This has been often recognized by this and other courts and the rule need not be laid again here."

It is our opinion that we cannot properly say that either the board or the council acted capriciously or abused their discretion.

 Appellees remaining contention is that the proceedings prior to November 1948, were apparently brought under section 73–8 [Ill. Rev. Stat. 1949, ch. 24, par. 73–8; Jones Ill. Stats. Ann. 21.2129] of the zoning statute, and argue that the relief asked by the petition filed November 16, 1948, could not be brought under section 73–4 [Jones Ill. Stats. Ann. 21.2125] of such statute, their only point in this respect being "it was not within the contemplation of the legislature under the term 'variance' that a change could be made in this case under a variance when it was sought to erect on a lot zoned for residence purposes a huge storage tank. This necessarily was not a variance but change in classification from residence to heavy industrial, and should be petitioned and asked for under section 73–8 as was originally done before the City Council by the appellants." It is our opinion that there is no merit in such contention (see *People v. Gill, supra*), and that the fact that there were proceedings prior to November 16 is immaterial.

It is our opinion that the trial court erred in entering the order appealed from.

Appellants urge that there was no jurisdiction in the trial court to review upon certiorari the action of the Board of Appeals for the reason that the ordinance granting the variation was adopted prior to the filing of the petition for such review. The second paragraph of sec. 73–6, ch. 24, Ill. Rev. Stat. 1949, provides that when any variation has been embodied in an ordinance duly passed by the corporate authorities, the ordinance containing the variation shall not be reviewable by certiorari proceedings. Appellees in reply to such contention say that such provision of the statute does not apply because no ordinance was "duly"

passed, and (without citing any authority) because of the "fact that under the Commission Form of Government . . . an ordinance of this type is not in effect until thirty days have elapsed after its passage," and therefore the writ of certiorari issued before the ordinance had become effective.

In view of the foregoing opinion upon the merits we consider it is unnecessary for us to pass on such contention.

The order of the county court appealed from is therefore reversed and the cause is remanded to such court with directions to quash the writ of certiorari and affirm the record of the Board of Appeals.

*Reversed and remanded with directions.*