**Velma Stampley, Plaintiff-Appellee, v. Earl Collins, Defendant-Appellant.**

**Gen. No. 51,749.**

First District, First Division.

November 20, 1967.

Delars J. Bracy, of Chicago, for appellant.

David S. Bern, of Chicago, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant, Earl Collins, appeals from the denial of his petition to vacate a judgment entered against him. The

petition, filed five months after judgment, was based on section 72 of the Civil Practice Act.

Plaintiff sued defendant for damages allegedly sustained as a result of defendant "forcibly and wantonly" ejecting plaintiff from a store which defendant had leased to plaintiff for a tavern. The complaint alleged that "after two weeks of occupancy, the defendant forcibly and wantonly ejected the plaintiff from said store having first removed the liquor license from the wall and then locked the plaintiff out. By reason thereof the plaintiff has lost $700.00 paid to the defendant, $400.00 in liquor left on the premises, $100.00 in equipment, and conservatively speaking $800.00 in lost profits." The defendant counterclaimed for $600.00 "for rent for two months."

After a nonjury trial, in which the court heard evidence and counsel for both sides, the court, on February 7, 1966, entered judgment in favor of the plaintiff for $500 and denied the counterclaim.

On July 15, 1966, the defendant filed the instant petition to vacate the judgment. The petition was grounded on newly discovered evidence and alleged that at the trial on the merits, plaintiff and her witnesses testified falsely, with intent to defraud the defendant and "thereby defrauded this Court." In support of his petition, the defendant offered the testimony and affidavit of Marcus Lee Fuller, son of the plaintiff, to the effect that he and his aunt, Ophelia Thompson, were the real owners and operators of the tavern; that he had a severe altercation with Ophelia and that she had threatened him with a razor; that she had subsequently removed the liquor from the premises; and that he, in turn, had removed the liquor license from the wall and had the lock changed.

Plaintiff filed no answer to defendant's petition. At the hearing on the petition, the court permitted Marcus Lee Fuller, the affiant, to testify in support of the pe-

tition. After considering at length the petition and the supporting affidavit, the testimony of Fuller, and the arguments of counsel, the court denied the petition and remarked: "The Court has no jurisdiction to entertain this petition. The Court heard this matter, heard the witnesses, evaluated the testimony, determined the credibility of the witnesses, we are not going to retry this case under the guise of this petition."

█ As defendant contends, since there was no answer to his petition to vacate and no evidence was offered by the plaintiff at the hearing of the petition, defendant's allegations stand as admitted. Ill Rev Stats 1965, c 110, § 40.

Defendant further contends that "in the case at bar, justice and fairness require the court to invoke its equitable powers." Defendant cites in support Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350 (1952); and Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 (1963), where the court said (p 613):

> "Since our decision in Ellman v. DeRuiter, 412 Ill 285, subsequently adopted by the legislature . . . , it has become certain that a petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require."

Both of these cases involved default judgments, and the opinions show that the defendant in each case, after learning of the judgment, promptly petitioned for relief. We think these cases are distinguished from the instant case, where the defendant petitioner participated in the trial and waited more than five months before seeking relief.

We believe the guidelines to be used here are set forth in Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294

(1960), where the Supreme Court reviewed the use of section 72 and said (p 505):

> "Assuming that the present petition alleges facts which would otherwise justify the granting of relief, the absence of any excuse for not asserting them in apt time must preclude it. The rule is well established that a person may not avail himself of the present remedy unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. . . . Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence."

See, also, People v. Lewis, 22 Ill2d 68, 70, 174 NE2d 197 (1961).

■ Using the foregoing guidelines, and assuming that defendant's petition alleged facts which would otherwise justify the granting of relief, the petition, supporting affidavit and record are barren of any statement of facts to show that defendant exercised due diligence in the discovery and presentation of the testimony of Marcus Lee Fuller or a reasonable excuse for the failure to offer this testimony at the trial on February 7, 1966.

We conclude the trial court properly denied defendant's petition to vacate the judgment, and the order is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.