(No. 40541.—

ALBERT SCHUMAN *et al.,* Appellees, *vs.* THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and JOHN J. O'TOOLE, Assistant Attorneys General, of counsel,) for appellant.

RALPH R. MICKELSON, of Chicago, for appellees.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

After an administrative hearing the Department of Revenue entered an assessment against appellees under the Retailers' Occupation Tax Act and Municipal Retailers' Occupation Tax Act. In an administrative review proceeding the circuit court of Cook County affirmed the assessment. About five months thereafter appellees filed a petition to vacate the final judgment of the circuit court on the sole ground that the final assessment had not been signed by the Director of Revenue. The court granted the motion and vacated the judgment and the Department appealed. We reversed the judgment of the trial court and held that the signature of the Director was unnecessary to make the assessment final. (*Schuman* v. *Department of Revenue,* 35 Ill.2d 425.) Following the filing of the mandate of this court in the trial court, appellees filed another motion asking that the judgment be vacated and the cause remanded to the Department for further hearings. The court granted that motion and entered an order remanding the cause to the Department on certain conditions. The Department of Revenue has appealed from that judgment.

Before considering the merits we must consider our

jurisdiction on this appeal. Appellees contend that the judgment appealed from was not a final judgment since it required a progress report on the status of the rehearing and reserved the right to vacate the order of remandment if appellees did not diligently proceed with the rehearing. It is argued that by this order, the court retained jurisdiction and left the cause still pending and undecided and that the order was therefore not final. The motion upon which the order was based was filed more than 30 days after the original judgment of the trial court and more than 30 days following the filing of the mandate in the trial court following the reversal by this court. It must, therefore, be considered as a motion for relief under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1965, chap. 110, par. 72.) By the terms of that section an order either denying or granting any of the relief prayed for is appealable and we have jurisdiction. See *Jerome* v. *Quincy Street Building Corp.*, 385 Ill. 524.

We now consider the question of whether the trial court erred in granting the relief requested by the motion. The motion alleged that in the original hearing, the Department arbitrarily set a final date beyond which it would not grant further continuances, and that as a result the appellees were not afforded a sufficient opportunity to be fully heard. It was alleged that appellees had voluminous evidence and records to present and that much of the evidence was newly discovered and of sufficient merit and importance to result in a revised final assessment. The allegations with respect to the voluminous evidence in the possession of appellees and that the Department refused to afford appellees an opportunity to be fully heard were contained in the original complaint for administrative review. The purpose of a motion under section 72 is to bring before the court rendering a judgment matters of fact not appearing of record which, if known at the time the judgment was rendered, would have prevented its rendition. (*Calabrese* v. *Hatlen*

*Heights Sewer & Water Co.,* 34 Ill.2d 483.) To the extent that the motion repeated the allegations made in the complaint for administrative review, it clearly did not present any facts not known at the time the original judgment was rendered. The only allegation pertaining to facts unknown at the time of the judgment was the charge that much of the evidence was newly discovered. However, it is well established that a motion under section 72 does not lie on the basis of newly discovered evidence. (*Williams* v. *People,* 31 Ill.2d 516; *People* v. *Touhy,* 397 Ill. 19; *People* v. *Gleitsman,* 396 Ill. 499.) The motion therefore did not set forth any grounds upon which relief could be granted. It is suggested by appellees that the Department waived the question of the sufficiency of the motion by failing to file a motion to dismiss it. This doctrine of waiver is not applicable where the motion is so defective that it will not sustain an order under section 72. *Grizzard* v. *Matthew Chevrolet,* 39 Ill. App. 2d 9, 17.

Appellees also seek to sustain the order of the trial court on the ground that the Department consented to the remanding order and waived its right to appeal. This claim is based upon a letter from a representative of the Department to the attorney for appellees stating that the Department required the deposit of a cashier's check in a certain sum to show good faith in requesting a rehearing. The letter stated that upon receipt of proper authorization from the court to conduct a rehearing appellees would be notified and stated that if, as a result of the rehearing, the assessment was cancelled the check would be returned, and that if not, it would automatically be applied against the assessment. The letter did not consent to a rehearing, but only established certain conditions and provided for security in the event of a proper authorization by the court. As we have heretofore pointed out, the court lacked authority to grant a rehearing under these circumstances, and the letter from the Department and its tentative acceptance of the cashier's

check, which was later returned, did not operate as a consent to the order or a waiver of the right of appeal.

For the reasons stated herein we are of the opinion that the trial court erred in remanding the cause to the Department for a rehearing. The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*