**Davis Furniture Co., an Illinois Corporation, Plaintiff-Appellant, v. Otis N. Young, Defendant-Appellee.**

**Gen. No. 68–14.**

Second Judicial District.
November 26, 1968.

Jack R. Cook, of Loves Park, for appellant.

Samuel L. Dean, of Rockford, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Plaintiff appeals from an order of the trial court opening a default judgment against defendant in a replevin action, upon defendant's motion with supporting affidavits filed more than thirty days after the rendition of judgment.

Plaintiff's claim of error is that the motion, under section 72 of the Civil Practice Act, was not sufficient to show the due diligence required.

The record shows that the plaintiff filed an "Affidavit for Replevin" on June 15, 1967 (under the 1965 Statutes then in force) in which its agent deposed that plaintiff was lawfully entitled to certain household furnishings described, of the value not exceeding $1,200; that defendant detains such property; that said property has not been taken for any tax, assessment, or fine levied by virtue of any law, nor seized under any execution or attachment against goods of the plaintiff, nor by virtue of any Writ of Replevin against the plaintiff.

Plaintiff's replevin bond was filed with the Sheriff and approved by him in the amount of $2,500, on June 15, 1967.

A "Writ of Replevin" was issued on June 20, 1967, and was personally served on the defendant on June 21, 1967.

On June 29, 1967, plaintiff, by its attorney, filed an unverified complaint setting forth a retail installment contract of sales to defendant on various dates, describing the same property described previously in the Writ, alleging recovery of certain of the items and detention of others. The complaint alleged the value of the unrecovered property in the amount of $600 and damages in the amount of $400, plus reasonable attorney's fees and costs. No notice of the filing of the complaint was given to defendant.

A judgment order was entered by default on July 20, 1967, finding right of possession to the property levied on under the Writ of Replevin to be in the plaintiff, and ordering defendant to pay $600 as damages and $250 attorney's fees.

Defendant filed his motion to vacate the judgment on October 9, 1967, alleging that he had never received a copy of the complaint nor notice of the default hearing;

417

that he has a meritorious defense and "a counterclaim"; and that he has been diligent in presenting the motion. The motion is supported by the defendant's affidavit stating "that a wage deduction order has been filed by plaintiff against his wages"; that the sales contract was "grossly and fraudulently altered, forged or raised in its amount" after he signed it; that the plaintiff forcibly and illegally seized his property on June 21, 1967, including $400 of the defendant's money cached therein"; that his lawyer refused to accept the case at that time because of the urgency of his other business, and that though he has persistently sought counsel none has been available to him until now.

Plaintiff, thereafter, filed a motion to strike defendant's motion charging lack of due diligence. In an attached affidavit plaintiff, by its attorney, alleged that an affidavit for garnishment had been filed on the judgment against defendant's employer on July 24, 1967, and summons served on the defendant; that defendant, through his attorney, filed a "notice of defense" with the employer on July 29, 1967, and partial payment of wages was paid to defendant; that a second garnishment was served on August 24, 1967 and partial payment made; and that on October 5, 1967, a third garnishment affidavit was filed and summons issued.

On October 30, 1967, the court heard arguments and ruled in favor of the defendant ordering the opening of the judgment and giving defendant leave to answer and counterclaim.

A motion to dismiss the appeal has been filed by defendant on the ground that the order vacating the judgment is not final and appealable. This motion has been taken with the case.

██ We determine, however, that the order is appealable under the express provisions of chapter 110, section 72, Ill Rev Stats 1967. Paragraph (6) of said section provides:

"(6) Any order entered denying or granting any of the relief prayed in the petition is appealable."

On the merits of the appeal, plaintiff argues that the fact that defendant had an attorney on July 29, 1967, nine days after the judgment order in favor of the plaintiff (as evidenced by his mistakenly filing a defense to what he apparently considered a "wage assignment" but which actually was a garnishment proceeding) and did not seek to vacate the replevin judgment until some sixty-eight days later, conclusively shows a lack of due diligence.

■ ■ Section 72 is not intended to relieve a party from the consequences of his own mistake or negligence (Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 467, 236 NE2d 719 (1968)) even though a determination under section 72 invokes the equitable powers of the court, as justice and fairness require. Elfman v. Evanston Bus Co., 27 Ill2d 609, 613, 615, 130 NE2d 348 (1963). The defendant must show that his failure to resist the judgment initially was a result of an excusable mistake and that he has a reasonable excuse for failure to act within the appropriate time. Esczuk v. Chicago Transit Authority, supra; Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 172 NE2d 512 (1961). We have held that a defendant is not justified in merely ignoring a summons and doing nothing about it. Johnson-Olson Floor Coverings v. Branthaver, 94 Ill App2d 394, 236 NE2d 903 (1968).

■ ■ The Replevin proceedings were properly instituted by affidavit under the law then in force. The provisions requiring the filing of bond and the issuance of the Writ of Replevin were properly complied with. (Ill Rev Stats 1965, c 119, §§ 4, 7, 10.) The Writ advised the defendant to appear and answer and we can find no provision under the statute then in force entitling defendant to notice of the filing of the complaint for damages for detaining part of the property sought. The

allegations that he could not secure the services of an attorney until the filing of the motion to vacate do not afford a reasonable excuse for failure to defend, particularly when the attorney appears in a garnishment proceeding, apparently under a mistaken view of the nature of the litigation, within nine days after the entry of the judgment. It would appear that, well within the thirty days after the default judgment and after garnishment proceedings thereon, defendant should have been put on notice of the underlying judgment. Under these circumstances his failure to move to vacate until some seventy-seven days and after successive garnishments thereafter, may not be considered an excusable mistake.

It was the duty of defendant, once the court acquired jurisdiction, to follow the case. Esczuk v. Chicago Transit Authority, supra, at page 467. No sufficient reason for his not having done so appears here.

■ Moreover, the pleadings do not show facts constituting a meritorious defense to the plaintiff's claim. There were seven separate retail installment contracts covering various items purchased by defendant at various times with various purchase amounts and installment payments specified on each. The defendant alleged, "that the instrument referred to in paragraph three of plaintiff's complaint was grossly and fraudulently altered, forged or raised in its amount after the defendant signed said instrument." Without any statement of facts as to which contract was referred to, in what manner, in what amount, or from what amount the instruments were changed, the allegations are not sufficient to plead a meritorious defense, but are mere conclusions.

We therefore reverse the October 30, 1967, order of the trial court vacating judgment.

Reversed.

ABRAHAMSON, P. J. and MORAN, J., concur.