**People of the State of Illinois, Plaintiff-Appellee,
v. Harold G. Stevens, Defendant-Appellant.**

**Gen. No. 54,359.**

First District, Second Division.

July 28, 1970.

Richard H. Devine, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James C. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

The defendant, Harold G. Stevens, was found guilty of burglary, after waiving a jury trial, and was sentenced on July 23, 1968, to a term of not less than four years or more than eight years in the Illinois State Penitentiary. On June 23, 1969, the defendant filed a motion to vacate the judgment under chapter 110, section 72, of the Ill Rev Stats, alleging that there is no allegation in the indictment that he entered a structure as defined by Ill Rev Stats (1967), c 38, § 19-1. The petition was denied on July 8, 1969. The instant appeal is from the order denying the motion to vacate.

At the trial no witnesses were personally presented, as the evidence was stipulated to by counsel for the defendant and for the prosecution. The evidence stipulated to was that Ray-Car Motors was a corporation selling automobiles in Harvey, Illinois. On February 23,

1968 at 9:00 p. m., the president, Raymond Carpenter, securely locked the premises for the night. On the following morning he was contacted by the local police and returned to the automobile agency to find that the rear window of the building had been broken; he observed an acetylene cutting torch, which had not been there when he left and the coke and cigarette machines that had been in good condition when he left, had been broken into.

It was further stipulated that if Richard Cazarniecki of the Harvey Police Department testified, he would state that at 3:40 a. m. on the morning of February 24th, he was on routine patrol, observed the premises of Ray-Car Motors, looked into the property through a window, observed that a coke and cigarette machine had been broken into and further checking the building, observed the defendant, whom he now identified in court, as being in the place of business and observed defendant using a cutting torch on a safe on the premises of Ray-Car Motors. He placed defendant in custody. After stipulating that defendant was twenty-six years of age, the defense rested. Both sides waived argument and the court entered a finding of guilty. Motions for a new trial and in arrest of judgment were denied and a hearing in aggravation and mitigation was held. The court sentenced the defendant to a term of not less than four years and not more than eight years in the Illinois State Penitentiary. Thereafter, the court advised the defendant of his right to appeal within thirty days and that if he did not have funds the court would appoint a lawyer and free transcript of the evidence.

The sole question raised by the appeal from the denial of the petition under section 72 of the Civil Practice Act is the sufficiency of the indictment to charge the offense of burglary. The appropriate section of the Illinois Criminal Code, Ill Rev Stats, c 38, § 19–1 provides:

417

"(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Motor Vehicle Law, approved July 11, 1957, as amended, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4–102 of the 'Illinois Motor Vehicle Law,' as heretofore or hereafter amended."

The contention of the defendant here is that the indictment in the instant case did not charge him with entering a building with the intent of committing a theft. The indictment charged that Harold Stevens committed the offense of burglary, in that he entered into the car lot of Ray-Car Motors, Inc. with the intent to commit therein a theft in violation of section 19–1 of the Criminal Code. Defendant takes the position on this appeal that the indictment, considered alone, does not charge him with burglary, since it charges him with entering a car lot, which is not a building under the statute.

The provisions of section 72 of the Civil Practice Act cannot be invoked to circumvent an appeal under other sections of the Civil Practice Act. In this case the judgment was entered on July 23, 1968. The motion to vacate under section 72 was presented on June 23, 1969, eleven months thereafter. The motion to vacate under section 72, was denied on July 8, 1969. The defendant should have appealed within thirty days of entry of the judgment of July 23, 1968 and under the proper circumstances could have obtained an extension of six months in which to perfect his appeal. From the record before us, he did not do so.

Section 72 reaches errors of fact that are unknown to the court. In the instant case the claim is

418

that there was an error of law. The error of fact reviewable under section 72 must be some error unknown to the court when the judgment was entered. The claimed error in the case at bar was known to the court because it is alleged to be in the indictment itself. See Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294 (1960); Tinkoff v. Wharton, 344 Ill App 40, 99 NE2d 915 (1951).

■ Petitions under section 72, while available in criminal as well as civil cases, have the limited function of bringing to the attention of the court errors of fact of such character as would have prevented rendition of the judgment. People v. Bishop, 1 Ill2d 60, 114 NE2d 566, certiorari denied 346 US 916 (1953); Wagner v. Sulka, 336 Ill App 101, 82 NE2d 922 (1948). Section 72 applies only to errors of fact and not errors of law committed by the trial court. Department of Revenue v. Joch, 410 Ill 308, 102 NE2d 155 (1951).

■ A petition under section 72, substituted for a writ of error coram nobis, is not available to review questions of fact arising on pleadings or to correct errors of the court on questions of law. Linehan v. Travelers Ins. Co., 370 Ill 157, 18 NE2d 178 (1938); People v. Bruno, 346 Ill 449, 179 NE 129 (1931); Kaszab, Inc. v. Gibson, 327 Ill App 223, 63 NE2d 629 (1945).

■ We conclude that the petition under section 72 was properly denied by the trial court and that the judgment should be affirmed.

Judgment affirmed.

McCORMICK, P. J. and BURKE, J., concur.