MFA Insurance Companies, as Subrogee of Ronald E. Scott, Plaintiff-Appellant, *v.* Adil Saduddin, Defendant-Appellee.

(No. 71-123; )

Second District—March 20, 1972.

Redman, Shearer & O'Brien, of St. Charles, for appellant.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff appeals from an order vacating a default judgment entered in a small claims action.

The record shows that the default judgment was entered on December 15, 1970, in the amount of $933.94 and costs, and upon personal service made on December 6, 1970. Defendant was served at "3738 North Clark Street" in Chicago. On December 27, 1970, the defendant was served with a citation to discover asserts. While no address is shown, the return notes service of the citation by leaving a copy at the defendant's usual place of abode with one Frank Vesley. When defendant did not appear on the January 5th return day the court issued a rule to show cause. The original copy of the Rule includes the legend over the signature of the Deputy Sheriff, "Served Jan 10th, 1971 on a partner of Adil Saduddin". Upon defendant's failure to appear on the January 25th return date, the court issued an order directing the arrest of defendant for contempt of court.

After the issuance of the arrest order but prior to execution, defendant obtained counsel who filed a motion on February 17, 1971 to vacate the default judgment. The accompanying affidavit stated in substance that the defendant had a meritorious defense to the original small claims action; that the defendant lived at 1229 West Addison Street in Chicago and had lived there for approximately 5 months; that prior to that, the defendant had lived at "3730 North Clark" for 14 months before moving

to the Addison Street Address; and that the defendant was confused as to the location of the court, believing the action to be brought in (Lake) Geneva, Wisconsin as opposed to Geneva, Illinois, and otherwise would have contested the action.

No brief has been filed on behalf of the appellee.

The order of the trial court which vacated the default judgment is reversed. The motion to vacate was filed more than 30 days after the entry of judgment and does not comply with Ill. Rev. Stat. 1969, ch. 110, par. 72. The allegations of ultimate facts do not show either a meritorious defense or due diligence in seeking to vacate the default judgment. See *Johnson-Olson Floor Coverings v. Branthaver* (1968), 94 Ill.App.2d 394, 398-401; *Mutual Nat. Bank of Chicago v. Kedzierski* (1968), 92 Ill. App.2d 456, 461; *Wilson v. Wilson* (1965), 56 Ill.App.2d 187, 194; *Davis Furniture Co. v. Young* (1968), 102 Ill.App.2d 415, 419.

Defendant's affidavit alleged that he lived at a different address than that shown on the complaint during the course of these proceedings. There is no allegation that the defendant was not personally served with any of the documents in question, however. The affidavit also alleged that defendant was confused as to the location of the court, believing the action was brought in Lake Geneva, Wisconsin, and not Geneva, Illinois. This bare allegation of mistake was made with no explanation of the fact that all documents served on the defendant were clearly labeled at the top, "State of Illinois, County of Kane". There was no showing of excusable mistake for the total disregard of summons before default judgment was entered. Neither was there adequate showing of due diligence in seeking to have the default judgment vacated.

Judgment reversed.

GUILD and DOUGLAS, JJ., concur.