JEROME MEHR *et al.*, Plaintiffs-Appellees, *v.* DUNBAR BUILDERS CORPORATION, Defendant-Appellant.

(No. 56954; 

First District—September 19, 1972.

Robert E. Pfaff and Rodney D. Joslin, both of Chicago, (Jenner & Block, of counsel,) for appellant.

Leonard Karlin, of Chicago, for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Dunbar Builders Corporation (defendant) appeals to this court from an order of the Circuit Court of Cook County vacating a previous order which dismissed for want of prosecution a complaint filed by Jerome Mehr and other persons (plaintiffs).

Plaintiffs' complaint was filed on November 13, 1967. On December 30, 1970, the cause came on for hearing on the regular trial call. Counsel for plaintiffs did not appear and the cause was dismissed for want of prosecution. On January 13, 1971, counsel for plaintiffs moved to vacate the order. This motion was granted and the cause set for trial on January 27, 1971. On that date, counsel for plaintiffs did not appear and the cause was again dismissed for want of prosecution. On February 25, 1971, counsel for plaintiffs served notice on attorneys for defendant of a motion to reinstate the cause which would be made on March 1, 1971. It does not appear that any petition, affidavit or other supporting document was filed in support of this motion. On March 1, 1971, the court denied the motion.

Thereafter, on October 11, 1971, counsel for plaintiffs mailed written notice and a petition to reinstate to counsel for defendant. This motion was heard by the trial court and granted on October 29, 1971. This appeal followed in due course. Ill. Rev. Stat. 1971, ch. 110, par. 72 (6).

■■ We have examined the petition to reinstate which is in effect a pleading in a new proceeding. (*Frandsen v. Anderson*, 108 Ill.App.2d 194, 200, 247 N.E.2d 183.) The petition set forth that defendant filed various motions to strike and dismiss and failed to comply with discovery motions to produce documents. Also, defendant filed third party complaints which were stricken. The petition also alleged that, on the designated trial date of January 27, 1971, counsel for plaintiffs was engaged in another court and sent his clerk to advise the court of this. The clerk was unable to reach the court in time because of adverse weather and traffic conditions. The petition then urged reinstatement of the cause upon the principle of *laches* and other "equitable grounds" and pursuant to liberal construction of the Civil Practice Act for speedy determination of controversies. Ill. Rev. Stat. 1971, ch. 110, par. 4.

We have considered all of the matters alleged in the petition. We con-

clude that it is fatally defective and fails to comply with the necessary requirements of section 72 of the Civil Practice Act.

■■ No facts are alleged to indicate that the dismissal order was entered on January 27, 1971, as a result of an excusable mistake. (*Davis Furniture Co. v. Young*, 102 Ill.App.2d 415, 419, 242 N.E.2d 457.) The petition shows upon its face a lack of diligence by counsel. This omission renders it insufficient as a matter of law. (*Stampley v. Collins*, 90 Ill. App.2d 11, 234 N.E.2d 356.) Counsel for plaintiffs knew on January 13, 1971, that the case had been set for trial on January 27, 1971, yet he did not present his motion to vacate the dismissal within 30 days after that date. In addition, after denial of the motion to reinstate, which occurred on March 1, 1971, counsel for plaintiffs did not present his petition until more than seven months had elapsed. Under these circumstances, the petition must be denied for lack of diligence. We know of no authority which has applied the equitable doctrine of *laches* to a proceeding of this nature under section 72 and counsel for plaintiffs has cited none.

■■ Furthermore, the motion made by plaintiffs on March 1, 1971, to vacate the dismissal order of January 27, 1971, must be construed only as an attempt to use section 72 of the Practice Act. (*Forsberg v. Braiterman*, 101 Ill.App.2d 475, 243 N.E.2d 433.) This motion was not presented until three days after expiration of the 30 day period which commenced on January 27, 1971. Therefore, section 72 was the only remedy then available to plaintiffs. Thus, the present appeal is totally ineffective because of failure to perfect it by filing notice of appeal within 30 days after March 1, 1971. (Supreme Court Rule 303 (a); Ill. Rev. Stat. 1971, ch. 110A, par. 303 (a).) The present proceeding is thus completely abortive as an attempt to use section 72 of the Civil Practice Act in lieu of an appeal. *People v. Stevens*, 127 Ill.App.2d 415, 418, 262 N.E.2d 286.

The order appealed from is reversed and the cause is remanded to the circuit court with directions that it be dismissed for want of prosecution.

Order reversed and cause remanded to circuit court with directions.

BURKE and LYONS, JJ., concur.