STEPHEN TRISKO, Plaintiff-Appellant, *v.* VIGNOLA FURNITURE COMPANY, Defendant-Appellee.

(No. 56115; ■■■■■■■■■■)

First District (2nd Division)—June 19, 1973.

Jay S. Judge, of Arlington Heights, for appellant.

Mass, Miller, & Josephson, of Chicago, (Thomas A. Mass, of counsel,) for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal involves a controversy between the plaintiff, Stephen Trisko, and the defendant, Vignola Furniture Company, concerning "two tufted love seats" which plaintiff purchased from defendant for $1,008. The transaction was evidenced by a written contract dated on or about April 28, 1967.

On June 12, 1970, acting as his own lawyer, Trisko filed a suit in which he alleged that, when defendant made the sale, it "* * * warranted both expressly and impliedly that the love seats were of merchantable quality"; that on or about June 1, 1967, he discovered the seats were defective and gave defendant immediate notice of this fact; that defendant breached the express and implied warranty it made at the time of the sale. Plaintiff prayed for judgment in the sum of $1,000 and costs. Summons was served on June 16, 1970; but defendant did not appear, nor did it file an answer to plaintiff's complaint. On September 23, 1970, a default judgment was entered in favor of plaintiff in the sum of $1,000 and costs. Thereafter, by a letter received on October 2, plaintiff advised defendant of the default and furnished it with a copy of the judgment. On October 16, 1970, execution was served on defendant; and levy on its property was made by the sheriff on December 5, 1970. On December 7, defendant appeared in court for the first time and filed a petition to set aside the default judgment.

In its petition, defendant admitted having been served with summons but alleged that one of its principal officers visited plaintiff to ascertain the nature of his complaint; that plaintiff told defendant of his dissatisfaction with the merchandise he had purchased; that defendant agreed with plaintiff to repair the merchandise and plaintiff verbally agreed with defendant to withhold action in the suit until the repairs were complete; that defendant unsuccessfully attempted to obtain the love

seats from plaintiff in order to repair them; and defendant thereafter learned that on September 23, 1970, plaintiff had obtained the default judgment in breach of the verbal agreement. Defendant prayed that the judgment be set aside. Plaintiff filed a written objection in which he denied the material allegations of defendant's petition. After hearing arguments of counsel, the trial court sustained defendant's petition, opened the judgment with leave to defend, and stayed all proceedings until further order of the court. Contending that this ruling was error, plaintiff appeals. Three issues are presented for our review. (I.) Whether the order that set aside the default judgment was final and appealable. (II.) Whether either party to this appeal is entitled to an award of reasonable expenses and reasonable attorney's fees under the provisions of section 41 of the Civil Practice Act. (III.) Whether on defendant's petition it was proper for the trial court to open the default judgment and give defendant leave to defend.

## I.

■■ Defendant's petition to set aside the default judgment was verified and was filed more than 30 days after the judgment was entered. Therefore, it must be construed as having been filed under section 72 of the Civil Practice Act, Ill. Rev. Stat. 1969, ch. 110, par. 72. (*Schuman v. Department of Revenue*, 38 Ill.2d 571, 232 N.E.2d 732; *Mehr v. Dunbar Builders Corp.*, 7 Ill.App.3d 881, 289 N.E.2d 25.) Plaintiff objected to the petition and denied its material allegations. The objections were not verified; however, lack of verification of plaintiff's objections was not raised in the trial court; it cannot be raised in this appeal. *Hopkins v. Kraft Foods Co.*, 44 Ill. App.2d 373, 194 N.E.2d 680.

■■ Concerning the reasons for the order sustaining the petition, we do not have the benefit of a trial court opinion. Under these circumstances, we will assume that all of plaintiff's objections were overruled and that defendant's contentions were sustained. *Rector v. Board of Appeals et al.*, 342 Ill.App. 51, 95 N.E.2d 99; compare *Macie v. Clark Equipment Co.*, 8 Ill.App.3d 613, 290 N.E.2d 912.

■■ As we have pointed out, defendant's petition was a proceeding under section 72 of the Civil Practice Act. It is the law in this State that an order denying or granting any relief prayed for in such a petition is final and appealable. The time to appeal does not begin to run until disposition of a motion to vacate the order granting or denying relief. (*Werner v. International Association of Machinists*, 11 Ill.App.2d 258, 137 N.E.2d 100; *Holcomb v. Flavin*, 37 Ill.App.2d 359, 185 N.E.2d 716; *Central Bond & Mortgage Co. v. Roeser*, 323 Ill. 90, 153 N.E. 732; *Schuman v. Department of Revenue*, 38 Ill.2d 571, 232 N.E.2d 732; *Lynn*

*v. Multhauf*, 279 Ill.App. 210; *Davis Furniture Co. v. Young*, 102 Ill.App. 2d 415, 242 N.E.2d 457; see Annot., 8 A.L.R. 3d 1272.) Therefore, the order that sustained defendant's petition and opened the default judgment with leave to defend was final and appealable.

II.

■■■ This being so, the appeal is properly before us. However, this is not true of every issue presented. For example, we are requested to decide whether either party is entitled to an award of reasonable expenses and reasonable attorney's fees under the provisions of section 41 of the Civil Practice Act. This request is made despite the fact that, when the trial court sustained defendant's petition, it reserved ruling on assessment of attorney fees and costs. It is well settled that we do not have authority to consider a matter not passed on by the trial court or one which, because of a ruling on a motion, was left unresolved. (*Waupoose v. Kusper*, 8 Ill.App.3d 668, 290 N.E.2d 903; *Murphy v. Kumler*, 344 Ill.App. 287, 100 N.E.2d 660; see *Cohn v. Receivable Finance Co.*, 7 Ill.App.3d 869, 288 N.E.2d 894.) Therefore, we will not decide whether either party to this appeal is entitled to an award of reasonable expenses and reasonable attorney's fees under the provisions of section 41 of the Civil Practice Act.

III.

We turn, then, to the issue dispositive of this appeal: whether on defendant's petition it was proper for the trial court to open the default judgment and give defendant leave to defend. In doing so, we observe that the judgment was entered after the trial court heard plaintiff's evidence, argument of his counsel, and, based on the undenied complaint, made findings in his favor. In evaluating these findings, we notice plaintiff's allegations that on or about April 28, 1967, under a written contract that expressly and impliedly warranted their merchantability, he purchased two love seats from defendant; that on or about June 1, 1967, he discovered that they were defective; and that he immediately gave defendant notice of this fact. Defendant was served with summons. On October 2, 1970, in a letter from plaintiff, defendant received a copy of the judgment and notice of its entry, but took no action. Then, when a levy was made, defendant filed a petition to set aside the default judgment alleging that after being served with summons, it had sent one of its principal officers to see plaintiff and had learned of his complaint concerning its merchandise.

■■ Plainly, the allegations of defendant's petition did not disclose due diligence in acting against the default judgment nor did they disclose an excusable mistake for not having done so. (*Davis Furniture Co. v. Young*, 102 Ill.App.2d 415, 419, 242 N.E.2d 457; *MFA Insurance Com-*

*panies v. Saduddin,* 4 Ill.App.3d 361, 280 N.E.2d 503.) In fact, the allegations show defendant's lack of diligence in responding to the summons of a court and in acting against a default judgment that had been entered against it. (*Mehr v. Dunbar Builders Corp.,* 7 Ill.App.3d 881, 289 N.E.2d 25.) These allegations made defendant's petition insufficient as a matter of law. Compare *Stampley v. Collins,* 90 Ill.App.2d 11, 234 N.E.2d 356.

■■ Defendant argues that its petition alleged a meritorious defense, namely, that plaintiff failed to reject delivery of the merchandise he had purchased. Defendant supports this argument with the claim that, after its principal officer had visited plaintiff, a verbal agreement was reached by the parties whereby plaintiff was to take no action in the pending law suit until defendant had repaired the love seats. This argument overlooks plaintiff's undenied allegations (later found true when the trial court entered the default judgment) that defendant had sold him unmerchantable goods and that he had given defendant prompt notice of this fact. These allegations and findings show that defendant was under a legal duty to repair the unmerchantable goods which were sold in violation of express and implied warranties. A promise to do that which one is already legally obligated to do is no consideration and does not create a new obligation. *Moehling v. W. E. O'Neil Construction Co.,* 20 Ill.2d 255, 266, 170 N.E.2d 100; *Macks v. Macks,* 329 Ill.App. 144, 67 N.E.2d 505.

■■ Therefore, defendant's petition showed lack of diligence, its claimed meritorious defense was contrary to the allegations of plaintiff's undenied complaint, and the alleged verbal agreement was *nudum pactum.* For these reasons, it was error for the trial court to grant defendant the relief it prayed for in the section 72 petition. (*Houston v. Churchill,* 100 Ill.App.2d 56, 241 N.E.2d 560; *Bennett v. Gollant,* 127 Ill.App.2d 224, 262 N.E.2d 34.) Accordingly, the order sustaining defendant's petition is reversed and the cause is remanded with directions that the default judgment be reinstated and plaintiff be allowed to proceed with execution, levy or other supplementary proceedings, consistent with the views expressed in this opinion.

Reversed and remanded with directions.

SCHWARTZ and HAYES, JJ., concur.