WERTH INDUSTRIES, INC., Plaintiff-Appellant, *v.* MID-AMERICA MANAGEMENT Co. *et al.,* Defendants-Appellees.

(No. 57533;

First District (5th Division)—December 21, 1973.

Baraz & Sotos, of Chicago (Marshall J. Baraz and Victor H. Sotos, of counsel), for appellant.

Sheldon P. Zisook, of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order dated March 8, 1972, vacating and setting aside an *ex parte* judgment entered in its favor on November 1, 1971. Although defendants Mid-America Mortgage Corp. and Mid-America Management Co. have filed their appearances in this court, they have not filed any briefs.

Plaintiff contends that the order of vacatur was improper because the petition to vacate failed to allege facts sufficient to establish due diligence or a meritorious defense and further that the order was improper because the trial court lacked authority to hear a second petition seeking the same identical relief previously denied after a full hearing.

The record discloses that the defendants, through their attorney Sheldon Zisook, filed appearances on December 27, 1970, in response to plaintiff's verified complaint for damages for goods and merchandise delivered, but they failed to answer or otherwise plead to the complaint. On November 1, 1971, nearly 11 months later and following several continuances, when neither defendants nor their attorney appearing at the trial call, the court entered judgment in the amount claimed, $3950.16. Eighty-seven days after judgment, on January 27, 1972, defendants' attorney filed a verified petition to set aside the judgment alleging that defendants had a good and meritorious defense to which plaintiff filed a verified answer. Following a hearing, the court on February 29, 1972, denied defendants' motion. On March 8, 1972, defendants' attorney filed a new petition to set aside the judgment of November 1, 1971, containing substantially the same allegations set forth in the petition of January 27, 1972. The latter petition made no mention of the prior petition or the action taken thereon. The trial court granted the petition, vacated the judgment of November 1, 1971, and set the cause for trial. Plaintiff's appeal followed.

OPINION

■■ Since defendants' first petition to set aside the *ex parte* judgment was verified and was filed more than thirty days after the judgment was entered it will be construed as having been filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72). *Trisko v. Vignola Furniture Co.,* 12 Ill.App.3d 1030, 299 N.E.2d 421.

■■ Any order entered denying or granting any of the relief prayed in a section 72 petition is appealable. (Ill. Rev. Stat. 1971, ch. 110, par.

72.) A section 72 petition cannot be used as a substitute for an appeal. (*Mehr v. Dunbar Builders Corp.*, 7 Ill.App.3d 881, 883, 289 N.E.2d 25, 26; *Stewart v. Monroe*, 62 Ill.App.2d 414, 211 N.E.2d 144.) The function of a section 72 petition is to bring before the trial court matters of fact not appearing in the record, which, if known to the court at the time the judgment was rendered, would have prevented its rendition. (*In re Petition to Annex Certain Territory*, 42 Ill.App.2d 432, 192 N.E.2d 553.) In the case at bar, defendants' second petition of March 8, 1972, was presented for the purpose of vacating the default judgment entered on November 1, 1971. Although the petition did not so recite, the record discloses that on February 29, 1972, the trial court had entered an order denying the defendants' first petition to vacate the judgment. This order is in full force and effect and, therefore, the defendants could and should have appealed from the order of February 29, 1972. (Ill. Rev. Stat. 1971, ch. 110, par. 72(6); *Keithley v. County of Clark*, 206 Ill.App. 500; *People v. Stevens*, 127 Ill.App.2d 415, 262 N.E.2d 286.) The defendants' failure to vacate or to appeal the order of February 29, 1972, precluded them from filing the second petition of March 8, 1972, to vacate the judgment of November 1, 1971. The trial court erred in entertaining the March 8, 1972, petition and in vacating the November 1, 1971 judgment. *Underwood v. Yellow Cab Co.*, 31 Ill.App.2d 449, 268 N.E.2d 254; *Elliot Construction Corp. v. Zahn*, 99 Ill.App.2d 112, 241 N.E.2d 129; *Abbey Electric Co. v. Simpson*, 98 Ill.App.2d 463, 240 N.E.2d 278.

■ ■  Where no timely appeal is taken from a final order, this court is without jurisdiction to review it or consider the propriety of any subsequent order that vacated it. *In re Estate of Ireland*, 132 Ill.App.2d 157, 267 N.E.2d 681.

Having reached this conclusion, it is unnecessary to discuss plaintiff's other contention.

Therefore, the vacatur order of March 8, 1972, is reversed and the cause is remanded with directions to reinstate the judgment entered in plaintiff's favor on November 1, 1971.

Reversed and remanded with directions.

DRUCKER, P. J., and SULLIVAN, J., concur.