GARY K. LODOLCE *et al.*, Plaintiffs-Appellants, v. CENTRAL Du PAGE HOSPITAL *et al.*, Defendants-Appellees.

Second District   No. 2—90—1316

Opinion filed July 23, 1991.—Rehearing denied August 28, 1991.

Alan C. Hoffman, of Alan C. Hoffman & Associates, of Chicago and Francis X. Riley, of Wheaton, for appellants.

Henry J. Burt, Jr., of Rathje, Woodward, Dyer & Burt, and Lenard C. Swanson and Bruce S. Terlep, both of Wildman, Harrold, Allen & Dixon, both of Wheaton, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiffs, Gary K. Lodolce and Marcena Lodolce, appeal from the trial court's denial of a petition filed pursuant to section 2—1401 of the Code of Civil Procedure (the 2—1401 petition) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). The 2—1401 petition sought to reinstate a medical malpractice action that the trial court had dismissed for want of prosecution. On appeal, the plaintiffs argue that the trial court abused its discretion in refusing to reinstate their action. We dismiss the appeal for want of jurisdiction.

On October 6, 1988, the plaintiffs filed their complaint against Central Du Page Hospital (Central Du Page) and Dr. Harb Boury (Dr. Boury). On November 15, 1989, on Dr. Boury's motion, the complaint was dismissed for want of prosecution. On December 5, 1989, the plaintiffs obtained an order vacating the dismissal and reinstating the action. On January 2, 1990, Dr. Boury moved to vacate the December 5, 1989, order. On February 15, 1990, the trial court order granted Dr. Boury's motion and vacated the vacatur of the November 15, 1989, order of dismissal. On March 12, 1990, the plaintiffs moved to vacate the dismissal, and the trial court denied this motion. On March 14, 1990, the plaintiffs moved to reconsider the trial court's ruling. On April 3, 1990, the trial court denied this motion and ruled that the original dismissal order of November 15, 1989, would stand. On April 24, 1990, the plaintiffs filed a "motion for a rehearing." On June 13, 1990, this motion was stricken by the trial court. On August 16, 1990, the plaintiffs filed the 2—1401 petition. On November 1, 1990, the trial court denied the motion. On November 27, 1990, the plaintiffs brought this appeal.

The facts of this case are more complicated than the foregoing may suggest, and we now set them out in depth.

The plaintiffs' complaint was a refiling of an action that had been voluntarily dismissed without prejudice on October 19, 1987 (see Ill. Rev. Stat. 1987, ch. 110, par. 13—217). The plaintiffs alleged that Dr. Boury and Central Du Page had been negligent in treating Gary Lodolce's malignant tumor. On November 1, 1988, Dr. Boury entered his appearance and filed an answer, a notice to depose Gary Lodolce on January 20, 1989, and a set of interrogatories. Central Du Page entered its appearance on November 7, 1988, and filed its answer on November 14, 1988. Central Du Page also served the plaintiffs with interrogatories, to which the plaintiffs filed their reply on December 13, 1988.

An initial status hearing was set for January 9, 1989. On that date, counsel for Central Du Page appeared. He explained to Judge Peccarelli that he had received a telephone call from the plaintiff's attorney. She had a "very good reason" for not appearing, though he could not remember what it was. He suggested moving back the status date, and the court set March 10, 1989, for a status hearing.

On January 20, 1989, the plaintiffs filed their response to Dr. Boury's interrogatories. On February 14, 1989, they filed requests for production directed toward both defendants, and on February 27, 1989, filed interrogatories directed toward both defendants.

On March 10, 1989, the court entered an order, drafted by counsel for Dr. Boury, setting the case for status review on May 10, 1989. On that day, counsel for Dr. Boury appeared and informed the judge that discovery was well underway. The judge agreed to continue the case for a status hearing on July 12, 1989, allowing Dr. Boury to depose Gary Lodolce as scheduled meanwhile.

On June 8, 1989, the plaintiffs filed amended interrogatories directed to Dr. Boury. Dr. Boury filed his answers to the interrogatories on July 6, 1989.

On July 12, 1989, counsel for Dr. Boury appeared at the scheduled hearing. He told the judge that one plaintiff's deposition had been taken, that Dr. Boury had yet to be deposed and would be out of the country until August. He did not know where plaintiffs' counsel was and suggested another status date. The court ordered the case continued for a status hearing on September 13, 1989.

On September 13, 1989, counsel for Dr. Boury appeared at the scheduled hearing before Judge Lewis. Dr. Boury's attorney informed the judge that he did not know where the plaintiffs' attorney was, that the plaintiffs had done very little in the case to date, and that he

would ask for a dismissal with prejudice if the plaintiffs made no appearance. The court entered an order continuing the case for a status hearing on November 15, 1989.

At the November 15, 1989, hearing, counsel for both defendants appeared, but the plaintiffs again were unrepresented. The trial court dismissed the case for want of prosecution.

On December 5, 1989, the plaintiffs filed a motion to vacate the dismissal for want of prosecution. The plaintiffs' principal attorney, Alan C. Hoffman, submitted an affidavit in support of the motion. The affidavit stated that his absence at the status hearings "was done without any willful or intentional disregard," but was due to "clinical [*sic*] and docketing errors."

On December 5, 1989, at 9 a.m., Judge Lewis heard the plaintiffs' motion to reinstate. Loretta Ursini of the plaintiffs' law firm appeared; the defendants were not represented. After Ursini informed Judge Lewis that the defendants had received notice, the court entered an order vacating the dismissal, reinstating the case, and setting a status hearing for February 9, 1990.

On January 2, 1990, Dr. Boury moved to vacate the order reinstating the case. Dr. Boury alleged that the plaintiffs never sent him notice of their motion and that he found out about the motion on December 18, 1989, when his counsel received a copy of the December 5 order. The court gave the plaintiffs 14 days to respond to the motion and set February 9, 1990, for a hearing on the motion. The plaintiffs filed their response on January 23, 1990. On February 9, 1990, the court continued the case to February 15, 1990, for a hearing on both the status of the case and the defendant's motion. The case was assigned to Judge Robert E. Byrne.

On February 15, counsel for Dr. Boury appeared at the hearing. He informed the court that he did not know where the plaintiffs' attorney was. He agreed with Judge Byrne that the plaintiffs' motion to vacate had been timely filed, but stated that Dr. Boury had never received notice of the motion or an opportunity to respond. The judge said that it was his understanding that if he granted Dr. Boury's motion, the plaintiffs could still renotice their motion for hearing because their motion had been timely filed. The court then entered a written order stating that (1) the defendant's motion was granted; (2) the December 5, 1989, order was vacated; and (3) the order of November 15, 1989, dismissing the cause for want of prosecution hereby stood and the case was "dismissed for want of prosecution as of November 15, 1989."

On March 5, 1990, the plaintiffs filed their notice of motion to vacate the dismissal for want of prosecution. On March 12, 1990, they filed the motion to vacate the "Dismissal for want of Prosecution entered on February 15, 1990[.]" In support of the motion to vacate the dismissal order, the plaintiffs' principal attorney attached an affidavit stating that his absence at the status hearings was the result of "clerical and docketing errors" and not of "any intentional or willful disregard."

The court heard the plaintiffs' motion on March 12, 1990. Counsel for the plaintiffs and for Dr. Boury were present. The following discussion ensued:

"MR. HOFFMAN: Your Honor, this comes on, on Plaintiff's [sic] motion to vacate a DWP.

There was a prior DWP entered and the case got somewhat confused.

\* \* \*

THE COURT: There was, on 2/15 an order to—motion to vacate an order of 12/5.

MR. HOFFMAN: There is currently pending—to clarify everything, the most recent thing that we got pursuant to that was a DWP that was entered on that date.

That's what I want to vacate.

THE COURT: 2/15?

MR. HOFFMAN: 2/15.

THE COURT: Any objection?

MR. TERLIP [sic] [counsel for Dr. Boury]: My objection is simply that his matter has been up before.

The history was that it was DWP'd on November 15th.

\* \* \*

MR. TERLIP [sic]: That motion finally came up on the 15th [of February].

MR. HOFFMAN: That was the day of the snow storm, your Honor.

My associate was supposed to be here. I was unable to be here.

THE COURT: December 5th, motion to vacate.

Now, you're in a 2—1401 situation.

Your motion is certainly not within the grounds of 2—1401 if he objects.

We have to follow the rules.

Your motion to vacate will be denied without prejudice.

You can file a 2—1401 motion.

If you can meet that burden, I'll be happy to consider it.

MR. HOFFMAN: It's still within 30 days.

THE COURT: No, it's not.

Once the order was vacated, we're back to the 15th.

MR. HOFFMAN: And there was a prior motion that was filed.

THE COURT: The order of December 5th, vacating the DWP[,] was vacated.

So, now you're back to November 15th. You're vacating a November 15th DWP.

You're not within 30 days.

You've got to comply within [*sic*] 2—1401.

MR. HOFFMAN: All right.

THE COURT: So we'll deny this without prejudice.

And if you can re-file it, do your motion as a 2—1401, I'll be happy to hear it.

MR. HOFFMAN: Thank you, your Honor."

The court entered a written order stating that the plaintiffs' motion to vacate the dismissal order of November 15, 1990, was denied "without prejudice." On March 14, 1990, two days later, the plaintiffs filed a "motion for reconsideration" of the "motion presented on February 15, 1990, and the matter heard on March 12, 1990." The motion, which was unsworn, stated that the plaintiff's principal attorney was unable to appear at the February 15 hearing and had assigned the matter to Loretta Ursini, that a severe snowstorm prevented her from getting to court that day, and that on the morning of February 15 Ursini informed opposing counsel that she would be unable to appear. The motion also stated that the original motion to vacate the November 15, 1989, dismissal was timely filed and was properly renoticed.

The plaintiffs did not appeal the February 15, 1990, order reinstating the dismissal.

On April 3, 1990, the court heard the March 14 "motion to reconsider." With counsel for both defendants present, the following exchange between the plaintiffs' attorney and Judge Byrne took place:

"MR. HOFFMAN: I don't think the Court, last time this matter was up, took into consideration a motion which was pending at the time.

THE COURT: There was a motion to vacate a DWP which I denied.

MR. HOFFMAN: There was also a motion for—at that time, your Honor, to vacate another DWP which was previously filed.

So, it was a motion which had been previously filed.

THE COURT: Let's see your motion.

MR. HOFFMAN: There were two motions that were present last time.

The Court only ruled on one.

THE COURT: That's all I have to rule on.

I'm not going to vacate it.

If I'm not going to vacate it, I'm not going to vacate it.

If I don't vacate your DWP, I don't have to listen to the other motions.

MR. HOFFMAN: All right. Fine.

THE COURT: Okay.

So, if that's what you want me to reconsider, that's denied.

MR. HOFFMAN: I think the Court, as I understand its ruling, refused to vacate the DWP that was entered on which date?

THE COURT: The one that I refused to vacate, 11/15/89.

MR. HOFFMAN: Okay.

And I—

THE COURT: That's the one I refused to vacate, so it's DWP'd.

There is nothing to re-consider [sic].

MR. HOFFMAN: I think the Court stated it was too late, the way in which to file the motion on that was 2—1401, 6—1301.

THE COURT: Read your order, Counsel.

I denied the motion pursuant to 2—1301.

MR. HOFFMAN: Thank you."

On that day, April 3, 1990, the court entered a written order stating that, after the hearing on the plaintiffs' "motion to reconsider this courts [sic] rulings of 11/15/89, 2/15/90 and 3/12/90," the motion was denied and the ruling of November 15, 1989, dismissing the case for want of prosecution stood.

On April 24, 1990, the plaintiffs filed a "motion for rehearing." The motion stated that the plaintiffs requested (1) a rehearing of the April 3, 1990, motion to reconsider and (2) that the court vacate the dismissal for want of prosecution.

Attached to this latest motion were a "memorandum in support of motion for a rehearing" and eight exhibits. The memorandum argued that the court erred in vacating the December 5, 1989, order of reinstatement. The motion also argued that the trial court erred in its March 12, 1990, holding that the plaintiffs could attack the ruling of

February 15, 1990, only by a section 2—1401 petition. The memorandum argued finally that the plaintiffs properly filed their December 5, 1989, motion within 30 days of the dismissal order and, according to Supreme Court Rule 184 (134 Ill. 2d R. 184), were entitled to have that motion heard. The memorandum concluded with a request that the court vacate the dismissal for want of prosecution and reinstate the case. The exhibits included papers already on file with the court. On May 25, 1990, the plaintiffs filed miscellaneous amendments to the memorandum.

On June 8, 1990, the plaintiffs filed a notice of a hearing on the motion to be held before Judge Byrne on June 12, 1990. On June 12, 1990, counsel for Dr. Boury appeared for the hearing. Nobody appeared for the plaintiffs. Dr. Boury's attorney explained to the judge that the plaintiffs wanted to withdraw the motion for rehearing. He explained further that he had "noticed up" the motion for June 13, apparently while the plaintiffs had "notic[ed] it up" for June 12. The judge suggested simply holding the hearing the next day; Dr. Boury's attorney agreed. Judge Byrne said that he would make the appropriate notation in the file. He asked Dr. Boury's attorney, "It's your motion to hear their motion tomorrow?" and the latter replied, "They have asked to withdraw today. I don't know what they are doing tomorrow. I want some sort of resolution."

The next day, Dr. Boury's attorney appeared alone before Judge Byrne and the following exchange took place:

"THE COURT: Do you want the motion stricken?

MR. TERLIP [*sic*]: Here's the problem today, Judge:

There was no notice sent out for today's date, because my secretary set this date up, but then Plaintiffs noticed up their motion yesterday, if you recall.

THE COURT: Do you want an order, yesterday, striking the motion?

MR. TERLIP [*sic*]: Correct, [j]ust to show that it's withdrawn or stricken.

THE COURT: Put it to nunc pro tunc, yesterday.

MR. TERLIP [*sic*]: Thank you, your Honor.

THE COURT: Okay.

That's—that's better. I was thinking of that when no one showed up.

MR. TERLIP [*sic*]: And I didn't want it to linger there in space for the next who knows how long."

The court's written order of June 13, 1990, stated that the plaintiffs' motion for rehearing had been heard and that, on the court's

own motion, the motion for rehearing was stricken, *nunc pro tunc* June 12, 1990.

On August 16, 1990, the plaintiffs filed their "Petition for Relief Pursuant to Section 2—1401." The affidavit stated that the plaintiffs were seeking relief from the November 15, 1989, dismissal for want of prosecution.

Attached to the petition was an affidavit from the plaintiffs' principal attorney, Alan C. Hoffman, explaining his absences from the November 15, 1989, and February 15, 1990, hearings. The affidavit stated that, rather than resulting from any intentional or willful disregard of the court, his absence at the former hearing was "partially due to an error in docketing." Specifically, he had telephoned Dr. Boury's attorney and informed the latter that he might miss the status hearing because he needed to consult with an expert witness in another case and that the witness was available only on the morning of November 15. Hoffman received the impression from this conversation that Dr. Boury's attorney would present the case's status to the court and tell the court of Hoffman's whereabouts and of the fact that Hoffman could be reached by cellular telephone.

Hoffman's affidavit also stated that he had assigned an associate to handle the February 15, 1990, hearing and that she could not make it to the hearing because of the severe snowstorm that began the evening of February 14.

The section 2—1401 petition stated further that although the plaintiffs noticed their April 24, 1990, "motion for rehearing" for hearing on June 12, 1990, they withdrew the motion shortly before that date on the advice of counsel whom they had retained to argue the motion.

Dr. Boury filed a memorandum in opposition to the petition. In their reply, filed October 23, 1990, the plaintiffs included an affidavit of Linda Bell, one of their attorneys. Bell stated that on June 11, 1990, she telephoned counsel for each defendant and told them that the plaintiffs were withdrawing the "Motion for Rehearing" that was scheduled for hearing the next day.

On November 1, 1990, the court heard the section 2—1401 petition. Linda Bell told the court that on June 11 she "spoke to the Court clerk here, or your secretary, and notified her of our intent to withdraw the [April 24, 1990,] motion." She also stated that she had informed opposing counsel of the plaintiffs' intent to withdraw the motion. She argued that under local court rule 6.04, Dr. Boury's motion to strike the motion for rehearing was premature because less than 60 days had passed between April 24, 1990, and June 12, 1990.

Counsel for Dr. Boury replied that he had simply noticed the plaintiffs' motion for rehearing and was not moving to strike the motion on June 13. He denied having spoken with the plaintiffs' counsel on June 11 and stated that he had been unaware of the plaintiffs' intention to withdraw the motion until he arrived in court on June 12.

After further argument, the trial judge announced that he would deny the section 2—1401 petition. Crucial to his decision was that, since the original dismissal, the plaintiffs had failed to exercise diligence in pursuing the matter as required by section 2—1401 (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). The trial judge emphasized that the plaintiffs' attorney failed to appear for the February 15, 1990, hearing or to notify the court that he would not appear. The trial judge also explained that he denied the plaintiffs' March 12, 1990, motion to vacate the order of November 15, 1990, because the motion did not conform to a local court rule which required such motions to be noticed and heard within 60 days of filing. The judge noted that although he told counsel on March 12, 1990, that the plaintiffs would have to bring their motion under section 2—1401, the plaintiffs waited five months to file their section 2—1401 petition. The court issued its written order denying the section 2—1401 petition, and the plaintiffs appealed.

We conclude that we may not reach the merits of this appeal. Although the parties have not raised the matter of our jurisdiction, we must do so *sua sponte* and dismiss the appeal if jurisdiction is lacking. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539.) For the reasons that follow, we have determined that we may not entertain the plaintiffs' appeal.

The trial court dismissed the plaintiffs' cause of action twice: once on November 15, 1989, when it issued an order so stating, and again on February 15, 1990, when it "reinstated" the dismissal by vacating the December 5, 1990, vacatur of the original dismissal. The trial court's order of December 5, 1990, left the merits pending and was therefore not final or appealable. (See *Williams v. A.E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, 984, *rev'd on other grounds* (1981), 83 Ill. 2d 559.) Dr. Boury's motion to vacate the December 5, 1989, order was in essence, therefore, a new motion to dismiss the complaint.

When the trial court granted Dr. Boury's motion on February 15, 1990, the plaintiffs had 30 days in which to challenge this order by way of a post-judgment motion pursuant to section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e)). The trial court was therefore incorrect insofar as it held that the

plaintiffs' March 12, 1990, motion to reconsider was untimely and could not be considered. There is simply nothing in the procedural rules that allowed the trial court to make its dismissal order effective "as of November 15, 1989," three months previous, and thereby cut off the plaintiffs' opportunity to move for reconsideration of the order pursuant to section 2—1301(e). That the December 5, 1989, reinstatement was vacated did not make it void. See *American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 920, *cert. denied* (1982), 458 U.S. 1112, 73 L. Ed. 2d 1375, 102 S. Ct. 3495 (movant's failure to notify opposing party of intention to move for default judgment does not render default judgment void).

Even if the trial court reasoned unsoundly in denying the plaintiffs' March 12, 1990, motion, the plaintiffs' proper recourse was to appeal. The plaintiffs were entitled to a single post-judgment motion only. (*Sears v. Sears* (1981), 85 Ill. 2d 253; *B-G Associates, Inc. v. Giron* (1990), 194 Ill. App. 3d 52, 56-57; *Benet Realty Corp. v. Lisle Savings & Loan Association* (1988), 175 Ill. App. 3d 227; *Cronin v. Altman* (1981), 101 Ill. App. 3d 432.) The plaintiffs did not appeal the March 12, 1990, denial of the one post-judgment motion to which they were entitled; rather, they filed a "motion for reconsideration" on March 14, 1990, within 30 days of the February 15, 1990, dismissal order and a "motion for rehearing" on April 24, 1990, more than 30 days from the dismissal. Even were we to consider the March 14 motion valid (based on the trial court's written specification that the March 12 motion was denied "without prejudice"), the April 24 motion was not authorized under section 2—1301. Not only was it repetitive, but it was filed more than 30 days after the February 15, 1990, order dismissing the complaint. That it was filed within 30 days of the denial of the March 14 motion, even assuming that the March 14 motion was permissible, is immaterial. See *Giron,* 194 Ill. App. 3d at 57.

■ When a motion to vacate a judgment is brought more than 30 days after the entry of a final judgment, that motion will ordinarily be construed as a petition for relief from a final judgment under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). (*Schuman v. Department of Revenue* (1967), 38 Ill. 2d 571, 573; *Northern Illinois Gas Co. v. Midwest Mole, Inc.* (1990), 199 Ill. App. 3d 109, 115; *Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 620; *Mehr v. Dunbar Builders Corp.* (1972), 7 Ill. App. 3d 881.) We therefore construe the April 24, 1990, "motion for rehearing," which sought to vacate the dismissal of the plaintiffs' cause of action, as a petition under section 2—1401.

Although the plaintiffs may have intended to withdraw this motion before hearing, they did not in fact ever do so, and the motion was stricken on June 13, 1990. The plaintiffs never appealed from the order striking the motion. The August 16, 1990, section 2—1401 petition was therefore the *second* section 2—1401 petition that the plaintiffs filed at the trial level.

██ █ A party that has not timely appealed the denial of a section 2—1401 petition may not seek relief by filing a second such petition. (*People ex rel. McGraw v. Mogilles* (1985), 136 Ill. App. 3d 67, 70; *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 690.) Where there has been no timely appeal from the denial of the first such petition, an appeal from the second and invalid petition will not vest the appellate court with jurisdiction. (*Village of Island Lake v. Parkway Bank & Trust Co.* (1991), 212 Ill. App. 3d 115, 123; *McGraw*, 136 Ill. App. 3d at 71-72; *Goldstick*, 22 Ill. App. 3d 621; *Werth*, 16 Ill. App. 3d 688.) We therefore dismiss the appeal.

Appeal dismissed.

INGLIS and BOWMAN, JJ., concur.