*In re* MARRIAGE OF JILL A. WONDERLICK, Petitioner-Appellee, and JOHN F. WONDERLICK, Respondent-Appellant.

Second District   No. 2—92—1338

Opinion filed March 30, 1994.

Alex M. Abate, of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellant.

Daniel T. Williams, Jr., and Ann M. Dittmar, both of McGreevy, Johnson & Williams, P.C., of Rockford, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Respondent, John F. Wonderlick, appeals the judgment of the circuit court of Winnebago County dissolving his marriage to petitioner, Jill A. Wonderlick. Respondent raises several substantive challenges to the judgment. We lack jurisdiction, however, to consider these arguments. Thus, we dismiss the appeal.

On June 25, 1992, the trial court entered an order dissolving the parties' marriage. The order apportioned the marital property, awarded rehabilitative maintenance for petitioner, Jill A. Wonderlick, and directed each party to pay his or her own attorney fees.

On July 23, 1992, respondent moved for reconsideration of the judgment. On October 2, 1992, before the trial court ruled on this motion, respondent asked leave to file a petition to terminate maintenance. The trial court's written order of October 2, 1992, denied respondent's motion to reconsider. The order also granted respondent leave to file his petition to terminate maintenance and gave petitioner 14 days to file her answer. Respondent filed his petition that same day. The cause was continued for status until November 5, 1992, when both parties and their counsel failed to appear in court. The record contains nothing further about respondent's petition to terminate maintenance.

On November 6, 1992, 35 days after the order denying his motion to reconsider, respondent filed his notice of appeal, which stated that

he was appealing the June 25, 1992, judgment of dissolution and the " 'Order Denying Motion for Reconsideration,' dated October 5, 1992 [*sic*]."

We must consider, *sua sponte*, whether we have jurisdiction to entertain this appeal. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539; *Lodolce v. Central Du Page Hospital* (1991), 216 Ill. App. 3d 902, 911.) Supreme Court Rule 303(a)(1) states (with exceptions not applicable here) that the notice of appeal "must be filed *** within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-trial motion." (134 Ill. 2d R. 303(a)(1).) A party is entitled to a single post-judgment motion, and unauthorized repetitive post-judgment motions do not extend the time for appeal. *Sears v. Sears* (1981), 85 Ill. 2d 253, 259-60; *Lodolce*, 216 Ill. App. 3d at 912; *B-G Associates, Inc. v. Giron* (1990), 194 Ill. App. 3d 52, 56-57.

Respondent's notice of appeal was untimely. To appeal from the judgment of dissolution, respondent had to file his notice of appeal within 30 days of the entry of the order denying the single post-judgment motion to which he was entitled. As the 30th day from the October 2, 1992, order was November 1, 1992, a Sunday, respondent's notice of appeal was due November 2, 1992. (See *City of Chicago v. Greene* (1970), 47 Ill. 2d 30, 33, *cert. denied* (1971), 402 U.S. 996, 29 L. Ed. 2d 162, 91 S. Ct. 2180.) The notice of appeal was not filed until November 6, 1992. Because the timely filing of the notice of appeal is jurisdictional (*Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.* (1985), 137 Ill. App. 3d 550, 555), we have no choice but to dismiss this appeal.

The filing of the petition to terminate maintenance in no way alters our conclusion. Such a petition affects only those payments accruing after the filing of the motion and requires proof of a substantial change in circumstances. (750 ILCS 5/510(a) (West 1992).) The petition was not a post-trial motion as that term is used in Rule 303(a)(1). In fact, it was an attempt to invoke the court's extraordinary continuing jurisdiction to modify a final dissolution judgment on grounds not applicable to civil cases generally. (See *In re Marriage of Stuart* (1986), 141 Ill. App. 3d 314, 316 (section 610 of Illinois Marriage and Dissolution of Marriage Act, allowing for modification of custody award upon changed circumstances, had no application to court's power to vacate or modify final judgment of dissolution upon motion filed within 30 days pursuant to section 2—1203 of Code of

Civil Procedure (735 ILCS 5/2—1203 (West 1992))).) Even if respondent's petition were somehow a "post-trial motion" under Rule 303(a)(1), it still did not extend the time to file the notice of appeal, as it would have been repetitive and untimely.

Appeal dismissed.

GEIGER and COLWELL, JJ., concur.