732 N.E.2d 680 (2000)
314 Ill. App.3d 181
247 Ill.Dec. 625
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Darren CLARK, Defendant-Appellant.
No. 2-98-1280.
Appellate Court of Illinois, Second District.
June 23, 2000.
G. Joseph Weller, Deputy Defender (Court-appointed), Office of the State Appellate Defender, Elgin, John F. Klunk *681 (Court-appointed), Lockport, for Darren Clark.
Joseph E. Birkett, DuPage County State's Attorney, Wheaton, Martin P. Moltz, Deputy Director, State's Attorney Appellate Prosecutor, Elgin, John X. Breslin, Deputy Director, Judith Z. Kelly, State's Attorney's appellate Prosecutor, Ottawa, for the People.
Justice HUTCHINSON delivered the opinion of the court:
In September 1998 a jury found defendant, Darren Clark, guilty of the offense of unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 1998)), and the trial court subsequently sentenced him to eight years' imprisonment with credit for time served. Defendant filed a pro se notice of appeal, and five days later, his attorney filed a motion to reconsider. Two weeks after defense counsel filed the motion to reconsider, defendant filed another pro se notice of appeal. The State moved to strike defendant's motion to reconsider, and the trial court granted the State's motion. Defendant raises various errors on appeal now, including whether he was denied the effective assistance of counsel. For the reasons that follow, we vacate the trial court's order striking defendant's motion to reconsider and remand the cause for further proceedings.
The relevant facts taken from the record on appeal reflect that defendant was sentenced on September 9, 1998, and on September 30, 1998, he filed a pro se notice of appeal. On October 5, 1998, the public defender who represented defendant at trial filed a motion to reconsider defendant's sentence. On October 22, 1998, defendant filed another pro se notice of appeal. At a hearing conducted on October 29, 1998, the State moved to strike defendant's motion to reconsider, arguing that the trial court lacked jurisdiction over the cause once defendant filed his pro se notice of appeal on September 30, 1998. The trial court agreed with the State's position and granted its motion to strike.
On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt of unlawful possession of a stolen motor vehicle. Under this issue, defendant argues that the State failed to prove that he intended to permanently deprive the victim of the stolen car. Additionally, defendant contends that his trial counsel was ineffective. Defendant argues that his counsel was ineffective because she failed to ask that the jury instructions provide that unlawful possession of a stolen motor vehicle requires the State to prove that defendant intended to permanently deprive the victim of the stolen automobile. Defendant also claims that his counsel was ineffective because she did not object when the State argued during closing arguments that permanent deprivation is not an element of unlawful possession of a stolen motor vehicle.
Although no question is raised concerning our jurisdiction, we must consider the matter sua sponte. People v. Schram, 283 Ill.App.3d 1056, 1060, 220 Ill. Dec. 225, 672 N.E.2d 1237 (1996). The jurisdictional issue presented in this cause is whether the Illinois Supreme Court's decision in People v. Bounds, 182 Ill.2d 1, 230 Ill.Dec. 591, 694 N.E.2d 560 (1998), applies to this situation and mandates that, once defendant filed his notice of appeal, the trial court was divested of jurisdiction.
Bounds involved a situation in which the defendant, who was before the court on a postconviction petition, simultaneously filed a motion to reconsider and a notice of appeal. Bounds, 182 Ill.2d at 3, 230 Ill. Dec. 591, 694 N.E.2d 560. The supreme court concluded that it had jurisdiction to address the merits of the case because once the notice of appeal was filed the trial court was divested of jurisdiction, and the jurisdiction of the reviewing court attached instanter. Bounds, 182 Ill.2d at 3, 230 Ill.Dec. 591, 694 N.E.2d 560. In reaching this conclusion, the supreme court relied on Daley v. Laurie, 106 Ill.2d 33, 86 Ill. Dec. 918, 476 N.E.2d 419 (1985), and the *682 court did not acknowledge any of the appellate court decisions that were decided before Bounds and that reached a contrary conclusion. The court noted that the Laurie defendant filed a notice of appeal on the same day he filed his postjudgment motion. Laurie, 106 Ill.2d at 35, 86 Ill. Dec. 918, 476 N.E.2d 419.
We believe that Bounds does not apply because, unlike Bounds and Laurie, here, the notice of appeal and the motion to reconsider were filed five days apart. In contrast, the motion to reconsider and the notice of appeal in Bounds were filed simultaneously. Bounds is also distinguishable from this case because Bounds involves postconviction proceedings and not a motion to reconsider sentence, whereas this case involves a motion to reconsider sentence. See People v. Everage, 303 Ill. App.3d 1082, 1085, 238 Ill.Dec. 726, 712 N.E.2d 830 (1999). Because of these differences, we determine that Bounds is distinguishable and does not apply here.
While we conclude that Bounds does not apply to this cause, we must address the Illinois Appellate Court cases that have applied Bounds to direct appeal criminal cases. Since Bounds, two Illinois Appellate Court opinions have applied the jurisdictional rule set forth in Bounds to situations where a defendant made a direct appeal to the appellate court. Those two cases are People v. Jenkins, 303 Ill.App.3d 854, 237 Ill.Dec. 279, 709 N.E.2d 265 (1999), and People v. Foster, 309 Ill.App.3d 1, 242 Ill.Dec. 874, 722 N.E.2d 658 (1999). Another Illinois Appellate Court case, People v. Everage, 303 Ill.App.3d 1082, 238 Ill.Dec. 726, 712 N.E.2d 830 (1999), chose not to follow Bounds by distinguishing Bounds and limiting Bounds to its facts.
In Jenkins, the defendant filed a notice of appeal seven days before he filed a motion to reconsider his sentence. Jenkins, 303 Ill.App.3d at 856, 237 Ill.Dec. 279, 709 N.E.2d 265. The Appellate Court, Fourth District, reluctantly concluded that it had jurisdiction to consider the defendant's appeal. Jenkins, 303 Ill. App.3d at 859-60, 237 Ill.Dec. 279, 709 N.E.2d 265. In reaching this conclusion, the court looked to Bounds, Laurie, and People v. Jackson, 239 Ill.App.3d 165, 179 Ill.Dec. 977, 606 N.E.2d 809 (1992), a case the Appellate Court, Fourth District, decided prior to Bounds. Jenkins, 303 Ill. App.3d at 859, 237 Ill.Dec. 279, 709 N.E.2d 265. In reference to Bounds and Laurie, the court noted that the notices of appeal and postjudgment motions in those cases were filed on the same day (Laurie) or simultaneously (Bounds). Jenkins, 303 Ill.App.3d at 857, 237 Ill.Dec. 279, 709 N.E.2d 265. The Jenkins court's hesitation to apply Bounds was apparent when it made the following statement:
"This court has ruled that a motion to reconsider sentence that is pending at the time the notice of appeal is filed prevents jurisdiction from attaching in the reviewing court [citations], but an otherwise timely motion to reconsider sentence, filed after the notice of appeal, has no such effect [citation]. These rules are consistent with Laurie and Bounds, but are not consistent with each other or with the rule in civil cases [citation].
If not for the precedent set in Bounds, * * * this court was prepared to reconsider its holding in Jackson and to hold that a reviewing court has no jurisdiction to hear an appeal when an otherwise timely posttrial motion is pending, even if the motion is filed after the notice of appeal." Jenkins, 303 Ill. App.3d at 859, 237 Ill.Dec. 279, 709 N.E.2d 265.
We believe that Jenkins does not apply to this cause because its holding is based on Bounds, and, as previously noted, we determine that Bounds is distinguishable from this appeal. We also must note that Jenkins applied Bounds reluctantly, pointing out the inconsistences Bounds created. We believe that the reviewing court's hesitation in Jenkins to apply Bounds suggests that Jenkins is not persuasive authority for applying Bounds in direct *683 appeal cases where a notice of appeal and a motion to reconsider the sentence are filed days apart. Thus, we decline to follow Jenkins.
In Foster, a case in which the State filed a motion to reconsider the defendant's sentence, the Appellate Court, First District, followed Bounds and held that the State's motion to reconsider the defendant's sentence that was filed after the defendant filed his notice of appeal did not reinstate jurisdiction with the trial court. Foster, 309 Ill.App.3d at 7, 242 Ill.Dec. 874, 722 N.E.2d 658. In reaching this conclusion, the appellate court reasoned that the State's posttrial motion did not serve to dismiss the previously filed notice of appeal because no case, statute, or rule allowed the State to circumvent a defendant's notice of appeal by simply filing a motion to reconsider after the defendant filed a timely notice of appeal. Foster, 309 Ill.App.3d at 8, 242 Ill.Dec. 874, 722 N.E.2d 658. The Foster court also seemed to suggest that a contrary conclusion would only frustrate the policy that a party should not be allowed to file posttrial motions every time a new legal theory came to mind. Foster, 309 Ill.App.3d at 8, 242 Ill.Dec. 874, 722 N.E.2d 658.
We see two potential problems with Foster. First, we believe that Foster is distinguishable from the present cause because in Foster the State filed a motion to reconsider the sentence and argued that defendant should receive consecutive and not concurrent sentences. Foster, 309 Ill. App.3d at 5-6, 242 Ill.Dec. 874, 722 N.E.2d 658. In contrast, here, defendant filed a motion to reconsider his sentence and he argued that his sentence should be reduced. In Foster, there was no law that addressed a motion to increase defendant's sentence. However, here, as noted in Everage, section 5-8-1(c) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-8-1(c) (West 1998)) provides that "a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court." 730 ILCS 5/5-8-1(c) (West 1998). Here, because a posttrial motion to reduce defendant's sentence was filed and no ruling had been made on that motion, defendant's notice of appeal was premature.
The second problem we see with Foster is that Foster suggests that litigation will never end if a rule were applied that allowed a party's posttrial motion to revest jurisdiction with the trial court after a notice of appeal was filed. The problem we envision with this kind of approach is that the law is clear that successive posttrial motions are not allowed and do not prolong the time a party has to file a notice of appeal. See 155 Ill.2d R. 303(a)(2); see also In re Marriage of Wonderlick, 259 Ill.App.3d 692, 694, 197 Ill. Dec. 669, 631 N.E.2d 891 (1994).
While Jenkins and Foster follow Bounds, Everage, a case from the Appellate Court, Fifth District, distinguishes Bounds and concludes that a motion to reconsider that is timely filed but filed after a notice of appeal is filed causes the notice of appeal to be dismissed and jurisdiction to vest with the trial court. Everage, 303 Ill.App.3d at 1086, 238 Ill.Dec. 726, 712 N.E.2d 830. In reaching this conclusion, the court in Everage looked to section 5-8-1(c) of the Code, which provides that a judgment becomes final only after the trial court rules on a motion to reconsider. Everage, 303 Ill.App.3d at 1085, 238 Ill.Dec. 726, 712 N.E.2d 830. The court also distinguished Bounds by noting that Bounds involved postconviction relief, and the cases decided before Bounds that addressed the jurisdictional issue presented here involved direct appeals. Everage, 303 Ill.App.3d at 1085, 238 Ill.Dec. 726, 712 N.E.2d 830. The direct appeal cases that were decided before Bounds held, for the most part, that a postsentencing motion that is filed after a notice of appeal is filed will serve to implicitly dismiss the appeal. Everage, 303 Ill. App.3d at 1085, 238 Ill.Dec. 726, 712 N.E.2d 830.
*684 We believe that our conclusion in the present case supports the strong policy considerations that underlie judicial economy. Specifically, the trial court should decide a motion to reconsider before a case is appealed because otherwise the reviewing court is forced to resolve the appeal without the trial court first having been allowed to correct any trial errors. See People v. Giles, 230 Ill.App.3d 730, 733, 172 Ill.Dec. 774, 596 N.E.2d 53 (1992). We also believe that a contrary conclusion would only serve to encourage piecemeal appeals.
In addition to the post-Bounds decisions, we must also discuss the direct appeal cases that antedate Bounds. Prior to Bounds, this court consistently held that a timely posttrial motion that is filed after a notice of appeal serves as an implicit dismissal of the notice of appeal and causes jurisdiction to vest with the trial court. See People v. Hook, 248 Ill.App.3d 16, 18, 185 Ill.Dec. 711, 615 N.E.2d 6 (1993) (filing a postsentencing motion is an implicit motion to dismiss a previously filed notice of appeal); People v. Curry, 167 Ill.App.3d 146, 151, 117 Ill.Dec. 633, 520 N.E.2d 984 (1988) (dismissing defendant's first notice of appeal because the trial court implicitly did so when it proceeded on defendant's motion for a new trial).
Additionally, this court decided People v. Rowe, 291 Ill.App.3d 1018, 226 Ill.Dec. 165, 684 N.E.2d 1368 (1997), before Bounds. We believe that Rowe is particularly instructive here because of its factual similarities to the present case. In Rowe, the defendant filed a notice of appeal, and then he filed a posttrial motion. The trial court entered an order striking the motion and stated that it was divested of jurisdiction once defendant filed his notice of appeal. Rowe, 291 Ill.App.3d at 1019, 226 Ill.Dec. 165, 684 N.E.2d 1368. We interpreted section 5-8-1(c) of the Code to mean that the filing of a motion to reconsider sentence within the 30-day period after the sentence was imposed negated the effect of the notice of appeal and revested the trial court with jurisdiction. Rowe, 291 Ill. App.3d at 1021, 226 Ill.Dec. 165, 684 N.E.2d 1368. Therefore, this court remanded the cause so that an order could be entered on defendant's posttrial motion. Rowe, 291 Ill.App.3d at 1020, 226 Ill.Dec. 165, 684 N.E.2d 1368. We decided this case based on its precedents, that section 5-8-1(c) of the Code requires a court to consider the merits of a motion to reduce a defendant's sentence, and the policy that judicial economy will be achieved by allowing a trial court to review its judgment before the judgment is appealed to the reviewing court. Rowe, 291 Ill.App.3d at 1020-21, 1023, 226 Ill.Dec. 165, 684 N.E.2d 1368.
In the present case, we choose to follow Rowe and remand the case for a ruling on defendant's motion to reconsider. Here, as in Rowe, the trial court struck defendant's motion to reconsider his sentence. As we found in Rowe, the trial court should have ruled on defendant's motion to reconsider because judicial economy warrants such a conclusion. We do not determine that Bounds and the direct appeal cases that arose after Bounds create a different result.
For these reasons, the judgment of the circuit court of Du Page County striking defendant's postsentencing motion is vacated, and the cause is remanded for further proceedings consistent with this opinion.
Vacated and remanded.
INGLIS J., concurs.
Justice THOMAS, specially concurring:
I agree with the result reached in this case that the trial court retained jurisdiction to address the merits of the defendant's motion to reconsider sentence despite the defendant's previously filed notice of appeal and, therefore, the cause must be remanded for the trial court to decide the merits of the defendant's motion. I write separately to clarify my reasons for my agreement with the majority. *685 Section 5-8-1(c) of the Code provides:
"If a motion [to reconsider sentence] is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court." 730 ILCS 5/5-8-1(c) (West 1998).
In Rowe, this court interpreted that section to mean that the filing of a motion to reconsider sentence within the 30-day period after the sentence was imposed negates the effect of the notice of appeal and revests the trial court with jurisdiction. Rowe, 291 Ill.App.3d at 1021, 226 Ill.Dec. 165, 684 N.E.2d 1368. The supreme court's subsequent decision in Bounds understandably did not mention section 5-8-1(c) of the Code, nor did it mention Rowe and similar cases, for the simple reason that Bounds did not involve a motion to reconsider sentence. Similarly, Laurie, relied upon by Bounds, likewise did not involve a motion to reconsider sentence.