No. 2--99--1331

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT 

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of McHenry County.

)

Plaintiff-Appellee, )

) No. 98--CF--339

v. )

)

JOSEPH C. KOMES, JR., ) Honorable

) Ward S. Arnold,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Following a jury trial, defendant, Joseph C. Komes, Jr., was convicted of failing to file a 1996 Illinois income tax return (35 ILCS 5/1301 (West 1998)).  He was sentenced to 30 months' felony probation, ordered to pay a $1,000 fine, and ordered to file a 1996 Illinois income tax return.  Defendant appeals, arguing that the indictment was defective and that the trial court gave the incorrect willfulness instruction to the jury.  We affirm.  

Although no question is raised concerning our jurisdiction, we must consider the matter 
sua sponte
.  
People v. Clark
, 314 Ill. App. 3d 181, 182 (2000).  Because the statement of facts in defendant's brief indicates that a "motion for sentence modification" remains pending in the trial court, we must examine whether that pending motion deprives this court of jurisdiction. 

The jury returned its guilty verdict on  August 25, 1999.  On September 21, 1999, defendant, through counsel, filed a motion for a new trial.  On September 27, 1999, defendant filed a 
pro se
 notice of appeal.  The trial court sentenced defendant on October 25, 1999.  Defendant filed a second 
pro se
 notice of appeal on November 24, 1999.  On November 29, 1999, the trial court ruled that defendant's first notice of appeal was premature and ordered it stricken.

On December 29, 1999, defendant, acting 
pro se
, filed a document styled "Motion of Sentence Modification."  Defendant alleged that he feared prosecution for failure to file federal tax returns and prayed for an order allowing him to file under seal the state income tax returns required as a condition of his probation and enjoining the release of the information contained in the returns to anyone other than the Illinois Department of Revenue.  The record on appeal contains neither a notice of motion setting the matter for hearing nor a court order addressing defendant's motion.

Ordinarily, a timely filed postsentencing motion serves as an implicit dismissal of a prior notice of appeal.  
People v. Clark
, 314 Ill. App. 3d 181, 185 (2000).  In such a case, judicial economy requires a reviewing court to remand the matter to the trial court for a ruling on the pending postsentencing motion.  
Clark
, 314 Ill. App. 3d at 186.  However, no remand is necessary in this case.  First, defendant's motion was not timely as a motion to reconsider his sentence because it was filed more than 30 days after sentencing.  Second, although styled a "Motion for Sentence Modification," defendant's motion does not challenge the trial court's authority to sentence defendant to probation or impose conditions on that probation; instead, defendant merely requests a modification of one of the conditions of that probation.  We find that the relief defendant requested was addressed to the trial court's continuing jurisdiction to modify the conditions of probation under section 5--6--4(f) of the Unified Code of Corrections (730 ILCS 5/5–6--4(f) (West 1996)).  See 
People v. Rymut
, 216 Ill. App. 3d 920, 923 (1991).  Therefore, we conclude that defendant's postsentencing motion did not serve to implicitly dismiss his appeal or deprive this court of jurisdiction.

Defendant first argues that the indictment was defective.  Before the trial began, defendant moved to dismiss the indictment, arguing that the State failed to cite to the provisions of the federal code that required him to file a federal income tax return.  The indictment provided as follows:

"On or about April 15, 1997, JOSEPH C. KOMES, JR. committed the offense of 
FAILURE TO FILE ILLINOIS INCOME TAX RETURN in that
 he was a resident of McHenry County, Illinois in 1996, that pursuant to 
Illinois Complied Statutes
, Chapter 35, Section 5/502(a)(2) he was required to file an Illinois Income Tax Return for the year 1996, that he willfully failed to file an Illinois Income Tax Return for said year on or before the due date for filing as required by 
Illinois Compiled Statutes
, Chapter 35, Section 5/505(a)(2) and in violation of 
Illinois Compiled Statutes
, Chapter 35, Section 5/1301 (Class 4 felony)[.]"

Defendant claimed that the State was required to cite to the federal statute that required defendant to file a federal income tax return because defendant's obligation to file an Illinois income tax return was dependent on his obligation to file a federal income tax return.  Defendant based this argument on section 502(a)(2) of the Illinois Income Tax Act (Act) (35 ILCS 5/502(a)(2) (West 1998)), which provided that a person who is required to file a federal income tax return must also file an Illinois income tax return.  Defendant's motion to dismiss the indictment was denied.  He raised the issue a second time in his posttrial motion, and his posttrial motion was denied.

When a challenge to an indictment is made before the trial, the standard of review is whether the indictment complied with section 111--3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111--3 (West 1998)).  
People v. Sparks
, 221 Ill. App. 3d 546, 548 (1991).  Sections 111--3(a)(1) through (a)(5) of the Code provide that the charging instrument must list, in writing, the charge, the name of the offense, the statutes that were violated, the name of the accused, the date the offense occurred, the county in which the offense occurred, and the nature and elements of the offense.

When the indictment is challenged in a posttrial motion, the indictment must set forth the nature and elements of the charge in order to be considered sufficient.  
People v. Clay
, 167 Ill. App. 3d 628, 634 (1988).  The language of the violated statute can serve to inform a defendant about the nature and elements of the offense as long as the statutory language specifies with reasonable certainty the type of conduct that is alleged.  
People v. Wisslead
, 108 Ill. 2d 389, 394 (1985).

Here, we determine that the indictment complied with section 111--3 of the Code and sufficiently apprised defendant of the charge alleged.  We also note that the State was not required to provide defendant with a citation to the federal statute that required defendant to file a federal income tax return because the charge here was that defendant willfully failed to file his Illinois income tax return.  Section 502(a)(2) of the Act, which was not the offense with which defendant was charged, merely provided defendant with a citation to the Illinois statute that required him to file an Illinois income tax return.  This section of the Act provided that an Illinois resident must file an Illinois income tax return if the Illinois resident also was required to file a federal income tax return.  Thus, the filing of a federal income tax return triggered the necessity of filing an Illinois income tax return, but the filing of a federal income tax return was not an element of failing to file an Illinois income tax return.  See 
People v. Doss
, 99 Ill. App. 3d 1026, 1030 (1981)(willful failure to file an Illinois income tax return requires the State to prove that (1) the defendant is subject to the Act and (2) the defendant, among other things, willfully failed to file an Illinois income tax return).  Therefore, we conclude that defendant's argument lacks merit.

Defendant next argues that the trial court erred when it instructed the jury that "[c]onduct performed knowingly or with knowledge is performed willfully."  Defendant argues that the proper willfulness instruction is the definition of willfulness as provided in the United States Internal Revenue Code.  The State argues that defendant has waived this issue because he did not raise it in his posttrial motion.  We agree with the State.

During the jury instruction conference, defendant objected to the instruction on willful conduct, but defendant claimed that the instruction should not be given because it was not an Illinois Pattern Jury Instruction.  In defendant's posttrial motion, defendant claimed, among other things, that "[t]he court erred in allowing instructions to be given to the jury that were improper."  Defendant did not identify which instructions were improper or why any of the instructions were improper.

Generally, issues not raised at trial and not presented in a written posttrial motion are deemed waived on appeal.   
People v. Hicks
, 181 Ill. 2d 541, 545 (1998).  An exception to this rule arises when the issues the defendant raises involve constitutional claims that were properly raised at trial and that can be raised in a postconviction petition, sufficiency of the evidence matters, and plain error arguments.  
People v. Enoch
, 122 Ill. 2d 176, 190 (1988).

Here, the issue defendant raised about the willfulness instruction was not explicitly objected to at trial, not specifically raised in a written posttrial motion, and not an exception to the waiver rule.  Thus, we conclude that the issue has been waived.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

McLAREN and RAPP, JJ., concur.