2025 IL App (1st) 242504-U

FOURTH DIVISION
Order filed: May 29, 2025

No. 1-24-2504

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| OAK TERRACE CONDOMINIUMS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CH 6197 |
| | ) | |
| STEPHEN DURR, | ) | Honorable |
| | ) | Eve M. Reilly, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The denial of the appellant's section 2-1401 petition challenging a default judgment on personal jurisdiction grounds was proper when the appellant admitted that he had been properly served with the appellee's complaint.

¶ 2    The appellant, Stephen Durr, appeals the denial of a petition to vacate default judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)). In the petition, Durr contended that the default judgment entered against him in an action initiated by Oak Terrace Condominiums ("Oak Terrace") seeking to force the judicial sale of his

property was void for lack of personal jurisdiction. The circuit court denied the petition on the grounds that it was untimely and that the issues raised had been resolved in a previous order. We affirm the court's ruling.

¶ 3  The procedural history of this case has been set forth in detail in an earlier appeal (see *Oak Terrace Condominiums v. Durr*, 2024 IL App (1st) 232090-U (unpublished order under Supreme Court Rule 23)) and need not be repeated in full here. It suffices to say that, in December 2021, Oak Terrace initiated this action to force the judicial sale of Durr's unit ("the Unit") as a result of alleged misconduct by Durr that led to his incarceration. That same month, Durr was personally served with a copy of the complaint. Two months later, in February 2021, the circuit court entered a default judgment against Durr, who had not yet entered an appearance, and in March 2021 the court entered an order of possession terminating Durr's interest in the Unit and authorizing a judicial sale. Shortly thereafter, Durr filed a *pro se* motion to stay proceedings while he was incarcerated, and he also filed an appeal of the order of possession.

¶ 4  On April 29, 2022, the judicial sale was held, at which Oak Terrace was the successful bidder. That same day, Durr was released from incarceration and resumed occupying the Unit. On June 2, 2022, the Oak Terrace filed a motion to confirm the judicial sale. Hearings on the motion were continued four times while Durr's appeal remained pending. After Durr's appeal was dismissed for lack of jurisdiction on August 24, 2022, the circuit court entered an order confirming the sale on August 31, 2022. The deed to the Unit was delivered to the Association on September 1, 2022.

¶ 5  Following the confirmation of the sale, Durr filed several post-judgment motions. First, on October 7, 2022, he filed a *pro se* motion challenging both the default and the merits of Oak

Terrace's action. Then, on April 3, 2023, through counsel Durr filed a motion under section 2-1301 (735 ILCS 5/2-1301 (West 2024)) and a petition under section 2-1401, both of which challenged the entry of the default judgment. On October 6, 2023, the circuit court denied the 2-1301 motion as untimely and dismissed the 2-1401 petition as barred by section 15-1509 of the Illinois Mortgage Foreclosure Law (the Foreclosure Law) (735 ILCS 5/15-1509 (West 2022)). We affirmed the court's order on appeal. See *Durr*, 2024 IL App (1st) 232090-U.

¶ 6 On December 11, 2024, Durr filed another *pro se* petition to vacate the default under section 2-1401, which is the subject of the present appeal. In that petition, Durr admitted that he had been served with Oak Terrace's complaint, but he asserted that the default judgment was nonetheless void for lack of personal jurisdiction because Oak Terrace had not arranged for him to appear via video or to be transported to court for certain pre-default hearings that were held while he was incarcerated. Also on December 11, Durr filed a counterclaim for damages against Oak Terrace, alleging emotional distress from not being able to defend himself in the action.

¶ 7 On December 12, 2024, the circuit court entered an order denying Durr's section 2-1401 petition and striking his counterclaim. Regarding the section 2-1401 petition, the court found that the petition was untimely because it was filed more than two years after the entry of the default judgment, and the court also observed that Durr's earlier April 3, 2023, section 2-1401 petition had already raised the same issues without success. The court further struck Durr's counterclaim because the case had already been disposed.

¶ 8 On December 16, 2024, Durr filed an amended counterclaim. That same day, the court struck the amended counterclaim, finding that it lacked jurisdiction over the matter because the

case had been disposed of more than two years earlier. The court also barred Durr from submitting any future filings without first obtaining leave of the court.

¶ 9 Durr now appeals the December 12, 2024, order denying his section 2-1401 petition. He argues that the petition was timely because a petition challenging a judgment as void for lack of personal jurisdiction may be raised at any time, and he further contends that the issue of personal jurisdiction was not addressed in his first section 2-1401 petition. Although counsel for Oak Terrace has entered an appearance in this appeal, Oak Terrace has not filed a brief. Nevertheless, because "the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief" (*First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)), we will consider the merits of Durr's appeal in the absence of briefing from Oak Terrace. Our review of the denial of a section 2-1401 petition is for abuse of discretion. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99 (2006).

¶ 10 Upon consideration of Durr's arguments, we affirm the judgment of the circuit court, albeit on different grounds than those cited by the court. See *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21 ("[W]e may affirm the trial court 'for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial court, or its specific findings, are correct or sound.' " (quoting *BDO Seidman, LLP v. Harris,* 379 Ill. App. 3d 918, 923 (2008))). Indeed, while the circuit court disposed of Durr's petition on procedural grounds, it could have also done so on the merits.

¶ 11 "To enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17 (citing *In re Marriage of Verdung,* 126 Ill. 2d 542, 547 (1989)). "A judgment entered by a court

without jurisdiction over the parties is void and may be challenged at any time, either directly or collaterally." *Id.* (citing *Verdung,* 126 Ill. 2d at 547). "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id.* ¶ 18 (citing *Verdung,* 126 Ill. 2d at 547).

¶ 12    As a simple matter, personal jurisdiction was established in this case because Durr has admitted that he was properly served with Oak Terrace's complaint and he has not raised any issues regarding any alleged failure to comply with statutory requirements for the service of process. See *id.* Instead, he argues that the circuit court lacked personal jurisdiction because Oak Terrace did not arrange for him to be present at hearings that were held while he was incarcerated. But Durr's absence from hearings did not deprive the court of personal jurisdiction, which was established by the service of process. Rather, the complications arising from his incarceration are more appropriately considered when evaluating whether he exercised due diligence in presenting his defense (see *West Bend Mutual Insurance Co. v. 3RC Mech. & Contracting Services, LLC*, 2014 IL App (1st) 123213, ¶ 11 (explaining that, to be entitled to relief under section 2-1401, a party must show: "(1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief"), which is an argument that Durr already raised in his previous section 2-1401 petition filed on April 3, 2023.

¶ 13    Accordingly, because he received proper service of process, the circuit court had personal jurisdiction over Durr and did not err in denying his section 2-1401 petition contesting the default judgment on personal jurisdiction grounds.

¶ 14    Affirmed.